## MARKEY & FITTING v. METTLER.

Where the subject matter of a plea is such as might properly be set up, but the plea itself is defective in all the material parts of such a plea, the plaintiff cannot take judgment as for want of a plea, until the plea filed is disposed of, by motion or otherwise.

Where the court disregarded what purported to be a plea of the statute of limitations, but which was defective in form and substance, and rendered judgment for the plaintiff, the judgment was reversed.

### *Appeal from the Mahaska District Court.*

THIS was an action to recover for goods sold and delivered. The answer denies the allegations contained in the petition, in general and specific terms, and also professes to plead in bar of the action, the statute of limitations. This was not demurred to, neither was there any motion for a more specific statement, nor a replication. The testimony is all embodied in a bill of exceptions, and shows a promise or undertaking some twelve years before suit brought, and nothing to show any subsequent promise, or that the right of action accrued after some time in the year 1842. On this state of the pleadings and proof, judgment was rendered in favor of plaintiffs, from which defendant appeals.

*Crookham & Seevers*, for the appellant.

*Wm. Loughridge*, for the appellees.

. WRIGHT, C. J.—The only question for our consideration, is, did the court err in entirely disregarding what is styled by the parties, the plea of the statute of limitation. The plaintiffs insist, that the plea is defective in form and substance. That it is exceedingly defective in all the material parts of such plea, requires no argument to demonstrate. Instead of stating the facts which constitute the defendant's ground of defence, in a logical form, it is for the most part, a mere statement of conclusions of law. On demurrer, or on motion for a more specific statement under the Code, it would clearly be bad. And, indeed, we would not say that before trial, it might not properly have been stricken from the record, on motion. Granting all this, however, the important question still remains, whether, not being replied to, and no objection of any kind being made to it, for want of form or substance, the court was justified in entirely disregarding it on final hearing. It contains no impertinent, scandalous, or matter strictly irrelevant, but states what is a proper subject of plea, in a loose and very imperfect manner. We can hardly think it would be a safe rule, under such circumstances, to treat it, as appears to have been done in this case, as if there had been no attempt to set up such defence. The safer rule is, where the subject matter of the plea, is such as might be properly set up, to require the plaintiff to get rid of it, by motion or otherwise, before trial, and not on final trial, permit him to take judgment as for want of plea. This rule recommends itself as plain, and but little liable to prejudice parties by taking them by surprise, when on trial; while the other, will leave it uncertain in its effect, depending upon the technical or substantial accuracy of each pleading.

. The judgment will therefore be reversed, and cause remanded, with leave to parties to make up the issues.