THE BURLINGTON AND MISSOURI RIVER RAILROAD COMPANY *v.* MARCHAND.

Where an answer fails to convey to a common understanding, a reasonable certainty of meaning, the court, on motion, may require the defendant to make his statement more specific; or, if necessary, may require him to respond specifically to the affirmative allegations of the petition.

It is not allowable to treat an insufficient answer, as a nullity, and render judgment by default, as if no answer was on file.

A rule of the district court, can only be abolished by the authority of the court, and in the same manner in which it is made. It cannot remain as one of the rules of the court, and at the same time be considered as abolished by an order of the judge, resting only in parol.

In cases of judgment by default, where the action is for a money demand, and the amount for which judgment should be rendered, is a mere matter of computation, the clerk of the district court may make the assessment of damages.

In other cases of judgment by default, the court must assess the damages, unless a jury be demanded by the party not in default.

Where in an action to recover money due on a subscription to the capital stock of a railroad company, payable in such instalments as should be called for by the board of directors, not exceeding five per centum per month, the petition alleged that the whole amount of defendant's subscription had been called for by the board of directors, in instalments of five per centum per month, and was due, of which calls defendant had notice; to which petition, the defendant answered as follows: "Now comes the defendant, and specifically denies each and every material allegation in the within *answer* contained, and joins full and complete issue thereon;" and where a rule of the court provided, that a general denial of the affirmative allegations of the petition, was sufficient to satisfy the requirements of section 1742 of the Code, which rule had not been formally abolished; and where when the cause came on to be heard, the plaintiff insisted that the answer was insufficient, and asked for judgment for want of an answer, and thereupon judgment by default was rendered against the defendant, and the clerk ordered to assess the damages, upon whose assessment final judgment was entered against the defendant; *Held*, 1. That the court erred in rendering judgment by default against the defendant; 2. That the court erred in ordering the clerk to assess the damages.

A motion for judgment by default, is not the proper mode of objecting to the sufficiency of an answer.

*Appeal from the Des Moines District Court.*

MONDAY, JANUARY 18, 1858.

This was a suit to recover upon a subscription to the capital stock of the Burlington and Missouri River Railroad Company, alleged to have been made by defendant, under the name of G. W. Marchand & Co., to be paid in such instalments as should be called for by the board of directors,

not exceeding five per centum per month. The plaintiffs aver that the whole amount of defendant's subscription had been called for by them, in instalments of five per centum per month, and was due, of which calls defendant had notice. The defendant appeared and filed his answer in these words : "Now comes defendant, and specifically denies each and every material allegation in the within answer contained, and joins full and complete issue thereon." When the cause came on to be heard, the plaintiffs insisted that the answer was insufficient, and asked judgment for want of an answer. Judgment was accordingly rendered against defendant, by default. The clerk, by order of the court, assessed the damages, and having reported the same to be $225 50, judgment in chief for that amount was rendered. Defendant appeals. The other material facts, are stated in the opinion of the court.

*Starr & Phelps*, for the appellant.

*David Rorer*, for the appellee.

STOCKTON, J.—We are of opinion, that the district court erred, in holding that the answer was insufficient, and in rendering judgment against the defendant by default, as for want of an answer. It is obvious that by an oversight, or slip of the pen, the defendant uses the word " answer," instead of the word "petition;" and that the objection made by plaintiffs, was not to the insufficiency arising from this oversight, but to the fact, that the answer is a general, and not a specific, denial of the allegations of the petition, and that such a denial is not sufficient, under section 1742 of the Code. Whether such an answer is a sufficient denial of the petition, has not been directly decided by this court; and the question in the present cause, is not so much whether the answer was insufficient under the section above cited, as whether, upon the facts shown by the record, the court erred in holding that there was no answer to the petition, and in rendering judgment by default as for want of an answer.

It appears by rule sixteen of the published "Rules of Court" of the first judicial district, that a general denial of the affirmative allegations of the petition, is held to satisfy the requirements of section 1742 of the Code, without a specific denial of each averment. This rule was in force at the time of the trial of this cause, and although it appears from the bill of exceptions, that the judge of the first district had announced to the members of the bar, that a general denial would not be deemed a sufficient answer, and that leave was given generally to amend pleadings so as to conform to the requirements of the Code, yet the rule had not been abolished of record. While it remained in force, it was irregular and erroneous to treat defendant's answer as a nullity, and render judgment against him by default. The rule could only be abolished by the authority of the court, and in the same manner in which it was made. If it was in force for one purpose, it was in force for all purposes. It could not remain as one of the rules of the court, and at the same time be considered as abolished by an order of the judge, resting only in parol. Until abrogated in a regular manner, the defendant was at liberty to consider his answer sufficient under the rule, and as such, it was entitled to be treated. The motion for judgment by default, was not the proper mode of objecting to its sufficiency. If an answer fails to convey to a common understanding, a reasonable certainty of meaning, the court, on motion, may require defendant to make his statement more specific; or, if necessary, may require him to respond specifically to the affirmative allegations of the petition. It was not allowable to treat the answer as a nullity, and render judgment by default, in the same manner as if no answer was on file. Code, sections 1734, 1735; *Markey & Fitting* v. *Mettler*, 1 Iowa, 528; *Thellurson* v. *Smith*, 5 T. R., 152; 11 Petersdorff's Abridgement, 647.

A further assignment of error is made by defendant, upon the order of the court, that the clerk should assess the plaintiffs' damages, and upon the judgment rendered

by the court on the assessment made by the clerk. We had occasion to consider the same question, at the present term, in the case of *The B. & M. R. R. Co.* v. *Shaw, ante,* 463. The suit was upon a subscription of stock, like the present; and upon a judgment by default, the clerk having assessed the plaintiffs' damages, and reported the same to the court, final judgment was rendered for the amount so ascertained. The proceeding was held to be erroneous, and from the ruling in that case, we see no reason to depart. When the action is for a money demand, and the amount, for which judgment should be rendered, is a mere matter of computation, the clerk may make the assessment. In other cases of judgment by default, the court must assess the damages, unless a jury be demanded by the party not in default. When the proper amount is ascertained, by either method, final judgment is rendered therefor. Code, sections 1828, 1832. The judgment by default admits that an agreement was made, as stated in the petition, and that something is due, or claimable, for which the plaintiff is entitled to recover. But, unless in cases of claims precisely fixed, or, as in the present case, if proof is to be introduced to establish the defendant's liability, by showing that the calls were made by the board of directors, in accordance with defendant's undertaking, or the charter of the company, and to show notice thereof to defendant, the damages must be assessed by the court.

Judgment reversed.