## ARBUCKLE v. BOWMAN et al.

While there is no provision of the Code, expressly giving the power to order the substitution of the true name of a party, when ascertained, yet it is entirely competent for the court to so direct, under the numerous and liberal provisions which give the right to amend pleadings, or any paper in a case.

It is erroneous to render judgment, by default, against a party after he has answered, and while the answer is still on the files of the court.

Where, in an action on a promissory note, one of the makers answered, denying the execution of the note, and averring full payment, to which answer no replication was filed; and where the cause was tried by the court, without a jury, and it appeared from the transcript, that the cause was tried upon the issues joined, and a judgment rendered for the plaintiff; and where it was claimed in the appellate court, that the answer being undenied, the judgment should have been for the defendant, but it did not appear, from the transcript, that the defendant had claimed in the court below, that his answer had been admitted, or was to be taken as true : *Held*, 1. That whether the answer contained any affirmative allegation, which required a denial under section 1742 of the Code, *quare?* 2. That under the circumstances of the case, the objection had no weight at that stage of the proceedings.

*Appeal from the Marion District Court.*

### THURSDAY, APRIL 15.

This action was brought against Bowman, Walker and Walters, to recover upon a promissory note made by B. and W., to Walters, and by him assigned to plaintiff.

Bowman appeared and plead in abatement, that his name was Bowman, and not Bauman. To this plea there was a demurrer, which was overruled; and it appearing that his true name was Bowman, it was thereupon ordered that all subsequent proceedings in said cause should be conducted against him by his true name. Walters made no appearance. The makers of the note answered, denying the execution of the note—denying that it was the property of plaintiff—and averring full payment. After this, and while this answer was on file, the defendants, Walker and Walters, were called, and (as the record recites), not answering, a default was entered against them; and the cause was heard on the issue made by the answer of defendant, Bowman. On this trial, the issues were found in favor of plaintiff, and judgment accordingly. Bowman and Walker appeal.

*J. E. Neal*, for the appellants.

*George May*, for the appellee.

WRIGHT, C. J.—It is first urged, that the court below erred in ordering the name of Henry Bowman to be substituted for that of Henry Bauman, after overruling the demurrer to his plea in abatement. While there is no provision of the Code expressly giving the power to order the substitution of the true name of a party, where ascertained, yet we are clear, that it is entirely competent for the court to so direct, under the numerous and liberal provisions which give the right to amend pleadings, or any paper in a cause. See sections 1759, 1758, 1757, 1855, 1856, and 1694, and *Harkins* v. *Edwards and Turner* 1, Iowa, 296. We cannot see how any substantial right of the defendant could possibly be prejudiced, by permitting this amendment. He was practically and really as much in court before, as after, this substitution. The change could in no manner take him by surprise, and substantial justice would not seem to require even a continuance of the cause, much less its dismissal.

It is next objected, that the answer being undenied, judgment should have been for defendant, Bowman. It may be doubted whether this answer contains any affirmative allegation, which required a denial, within the meaning of section 1742, of the Code. Passing this, however, we think for other sufficient reasons, that the objection cannot avail. It seems that defendant, Bowman, appeared and submitted the cause to the court for trial, waiving a jury; that it was heard upon testimony; and that he at no time, either before or after judgment, claimed that his answer had been admitted, or was to be taken as true. No such question was, therefore, ever presented to the court below, and we think it fair to presume, that the cause was heard as if the issue was fully joined. Under the circumstances, we are unwilling to give the objection weight at this stage of the cause.

In rendering judgment by default against Walker, after he had answered, and when it was still on file, there was error. Of this there is no room for doubt.

The judgment is affirmed as to defendant, Bowman, and reversed as to the defendant, Walker.