## The Canal Bank of Cleveland *v.* Newberry.

While a defendant has an answer or plea on file, undisposed of, it is error to render a judgment by default againt him.

*Appeal from the Dubuque District Court.*

FRIDAY, OCTOBER 15.

An action on the exemplification of a judgment recov-

ered by the plaintiff against the defendant, in the State of Ohio. The defendant filed what is called a plea in abatement, which avers that the said bank has long since become insolvent; that a receiver has been appointed and qualified, to take possession of all the property and credits of said bank, and wind up the affairs of said bank; and that said receiver has entered upon the discharge of his duties, and is fully empowered to demand, collect and sue for all debts due said bank. The said plea then prays judgment whether said plaintiff ought to be answered its petition aforesaid. Without taking any notice of this pleading, the plaintiff moved the court for a default, for want of an answer; and the court, without disposing of the plea, sustained the motion, and rendered a final judgment against the defendant, from which he appeals.

*Austin Adams* and *W. T. Barker*, for the appellant, cited *Temple* v. *Murray*, 6 How. Pr., 331; *Davis* v. *Potter*, 4 Ib., 155; *Davis* v. *Adams*, 4 Cow., 626.

*D. S. Wilson*, for the appellee, relied upon Code, secs. 1733, 1742; Van Santvord's Plead., 235; Ib., 254; Ib., 272; *Day* v. *Hamburg*, 1 Browne, 75; *Coxe* v. *Higbee*, 6 Halst., 395; *Stanley* v. *Hill*, 9 Porter, 368; *Prewitt* v. *Bennett*, 7 S. & M., 101.

STOCKTON, J.—Without undertaking to decide whether the facts relied upon by defendant in his pleading, were sufficiently pleaded, nor whether, if sufficiently pleaded, they would constitute a good bar to the action, in the name of the plaintiff, we think the district court erred in rendering judgment against defendant by default, without first making some disposition of defendant's plea. If the court was of opinion, that the facts were defectively pleaded, defendant should have been allowed to amend, so as to put them in proper shape. If the court was of opinion that the facts, however pleaded, constituted no defence to the action in the name of the plaintiff, the party had the right

to have that question tried, and to plead over upon demurrer sustained.

In *B. & M. R. R. Co.* v. *Marchand*, 5 Iowa, 468, it was held by this court, that it was error to render judgment by default, while an answer was on file, without first disposing of the answer.

Judgment reversed.