### First Nat. Bank of Pierre v. Smith *et al.*

A defendant cannot, on the cross-examination of a witness called and examined by the plaintiff, introduce his own affirmative defense, against the proper objection of plaintiff's counsel, unless the witness has, in his examination in chief, testified to the matters concerning which the defendant seeks to cross-examine him.

(Syllabus by the Court. Opinion filed Dec. 24, 1895.)

Appeal from circuit court, Edmunds county. Hon. Loring E. Gaffy, Judge.

This case was first decided by this court in an opinion reported in 8 S. D. 4, 65 N. W. 437, in which opinion the judgment of the court below in favor of the plaintiff was affirmed. Thereafter appellant filed a petition for a rehearing in the case.

This opinion is upon the rehearing. The former decision adhered to.

*Albert Gunderson* and *C. H. Barron*, for appellant.

*Horner & Stewart*, for respondent.

CORSON, P. J. This case was decided at the present term of this court, and is reported in 8 S. D. 4, 65 N. W. 437. The appellants have filed a petition for rehearing upon the ground that this court overlooked an important assignment of error in its decision. The error referred to was the ruling of the court in sustaining respondent's objection to the following question propounded to witness DeLaney on cross-examination: "Q. If it was put there as a credit on deposit, how long was it before your credit was exhausted in the bank?" This was objected to as incompetent, etc., and not proper cross-examination. The objection was sustained, and, we think, properly so. The witness was called by the plaintiff (respondent) simply to prove the signature of the defendants to the note, and the signature of the firm of "DeLaney Bros." to the endorsement upon the note. No other questions were propounded to him. The defendants' (appellants') counsel then proceeded to cross-examine the witness as to the consideration received, etc., for the note, and one of these questions was the one now under consideration. The evidence sought to be elicited by the cross-examination was as to a matter pleaded as an affirmative defense to the action, and was not cross-examination of any matter testified to by the witness on his examination in chief. No rule is better settled than that a defendant cannot, on cross-examination, introduce his own affirmative defense, unless the witness has, in his direct examination, been interrogated as to the matters concerning which he is cross examined. In this case counsel for plaintiff (respondent) had examined the witness as to the signatures only, and no question was asked touching the matter of consideration. Clearly, the defendant had no right, on

cross-examination, to go into their affirmative defense.    Wendt v. Railway Co., 4 S. D. 476, 57 N. W. 226.    The fact that other evidence was admitted on cross-examination, against the objection of respondent's counsel, that might have been properly excluded does not render the ruling of the court incorrect, in sustaining the objection to the question now under consideration.    Upon a careful review of the decision, we are satisfied that it is correct, and the same is therefore adhered to.