### E. G. MILLIKAN v. WILLIAM R. BOOTH.

1. DEFAULT—*Judgment.* A party is not in default so long as he has a pleading on file which makes an issue in the case that requires proof on the part of the opposite party in order to entitle him to recover,

2. CROSS-EXAMINATION. The right of cross-examination is a substantial right of each party to the cause, and a party cannot be deprived of it because where an issue of fact was joined he failed to appear at the time the cause was called for trial and a default was entered against him, but on appearing during the trial, and at the close of the testimony of a witness, he had an absolute right to cross-examine the witness, a refusal of which is reversable error.

3. SAME—*Refusal—Prejudice Presumed.* And where a party is improperly refused the right of cross-examination of a witness, it will be presumed that the rights of the party have been prejudiced thereby.

*Error from the District Court of Logan County.*

William R. Booth brought his action in the district court of Logan county on the 21st day of November, 1893, to recover judgment against E. G. Millikan in the sum of $483.33   Issues were joined, and on the trial in the district court on the 11th day of April, 1894, the plaintiff recovered judgment against the defendant in the sum of $670 and costs, from which judgment the defendant appeals.   Reversed.

*Huston & Huston*, for plaintiff in error.

*Harper S. Cunningham* and *T. H. Soward,* for defendant in error.

The opinion of the court was delivered by

BIERER, J.:    The first error assigned for a reversal of the judgment below, was in the refusal of the court to permit counsel for defendant to cross-examine the witnesses for the plaintiff in the hearing of said cause.

It appears from the record that the plaintiff brought his action to recover judgment against the defendant for the sum of $483.33, which he claimed was due him by reason of certain advancements of money made by the plaintiff to the defendant for the purpose of being used in buying, selling, trading and trafficking in real estate in the city of Guthrie, Oklahoma, and which money the plaintiff alleges the defendant had invested in certain real estate in said city, for the benefit of the plaintiff and defendant, and that the plaintiff's share of such investment was the amount sued for.

The defendant, to this petition, filed a general denial, and also subsequent paragraphs admitting that he had received one hundred dollars from the plaintiff, but alleging that he had fully paid the same to the plaintiff; and also setting up a counter claim, and praying judgment against the plaintiff in the sum of thirty-five dollars.

The case was called for trial on the 11th day of April, 1894, and the plaintiff was placed upon the witness stand as a witness in his own behalf.    It appears from the record that at the conclusion of the plaintiff's testimony, the defendant's attorney, who was present, demanded the right to cross-examine the plaintiff, but was refused, because it was then 9:30 o'clock, and because at 9 o'clock the case was called and the defendant called three times, and, not appearing, was declared to be in default.    To

this refusal of the court to permit the defendant to make an examination of the plaintiff, the defendant duly excepted; and also moved for a new trial upon this ground and on the ground that the judgment was for a larger amount than set up or prayed for in the petition.

The only question necessary for our consideration is: Did the court err in refusing to permit the cross-examination of the plaintiff?

The reason assigned for such refusal was that, the attorney for the defendant having failed to appear at the time the case was called for trial, a default was entered. The record shows, however, that the defendant had joined issue with the plaintiff upon his petition, and that his answer was not stricken from the files, but remained on file. Under this condition of the case the defendant could not be defaulted. Of course, although issue was joined, the court might have proceeded with the trial without waiting for the defendant or his counsel, but if his counsel made appearance at any time during the trial he would have the right to proceed with the trial, at whatever stage he then appeared in it, the same as if he had appeared at the commencement of the trial; and his only loss could be such advantages on the trial as he might have been able to gain by being present at the proceedings as far as they had then gone.

It is well settled that after an issue is joined, default cannot be taken against a defendant for his failure to appear when the cause is called for trial. (American and English Encyclopædia of Law, vol. 5, 496.)

In the case of *Moore v. Moore*, 68 Indiana, 152, an issue had been joined in the case, and at the calling of the case for trial the defendant failed to appear, and was defaulted. The court held:

"This is erroneous. The answer in denial had not

been withdrawn. A judgment cannot be taken against a defendant by default, if there is an answer in bar in the record, upon which issue is taken."

In the case of *The Indianapolis Piano Manufacturing Co. v. Caven*, 53 Ind. 258, it was claimed that the court erred in proceeding with the cause when it was reached, in the absence of the defendant or his attorneys, without calling and defaulting the defendant. The court said:

"The failure of the defendants to appear upon the trial did not operate to withdraw their pleadings. The issues joined had to be tried and found for the plaintiff, before he became entitled to judgment. The appellants claim, as we gather from their brief, that it was irregular thus to submit the cause for trial, without having called and defaulted them, and that they had not in any manner waived their right to a trial by jury. The defendants could not have been defaulted as long as their pleadings were on file, and there was no error in proceeding with the trial without the formality of calling them."

There are numerous other cases holding that a party cannot be defaulted after he has made his answer, and while his answer remains on file. (*Maddox v. Pulliam*, 5 Blackford, 205; *The Burlington and Missouri River Railroad Company v. Marchand*, 5 Iowa, 468; *Arbuckle v. Bowman*, 6 Iowa, 70; *The Canal Bank of Cleveland v. Newberry*, 7 Iowa, 4; *Levi v. Monroe*, 11 Iowa, 453; *Knœbel v. Slaughter*, 34 Pac. [New Mexico] 198.)

The refusal of the court to permit the cross-examination of the plaintiff was such error as requires a reversal of the cause. The cross-examination of a witness is a substantial right which every party to an action has, and its refusal will be presumed by the court to prejudice the rights of the party.

In the case of *Martin v. Elden*, 32 Ohio, St. 282, it is said:

"The importance of the right of full cross-examination of an adverse witness can scarcely be overestimated. As a test of the accuracy, truthfulness and credibility of the testimony, it is invaluable. It is the clear right of a party cross-examining to elicit suppressed facts, which weaken or qualify the case of the party examining in chief, or support the case of the cross-examining party. (Powell on Ev. 380.) 'In any view, the right of cross-examination extends to all matters connected with the *res gestæ.*' (Wharton's Law of Ev. §529.) A witness may be cross-examined, as to his examination in chief, in all its bearings, and as to whatever goes to explain or modify what he has stated in his examination in chief. (*Wilson v. Wager*, 26 Mich. 452.)"

Further on in the opinion it is said:

"It is claimed, however, that the judgment in question cannot be, for that reason, reversed, because it is not shown what the plaintiffs in error expected or offered to prove by way of answers to the questions propounded on cross-examination. But we think this rule can have no proper application to the cross-examination of a witness. * * * * * Where a witness, on his examination in chief, testifies to important facts in favor of the party calling him, we think prejudice to the adverse party should be presumed to arise from the denial of the right to a fair and proper cross-examination. And for the error of the court below, in denial of this right, its judgment will be reversed."

Now, in the case at bar, the record shows that the principal evidence on which this large judgment was rendered, it being almost two hundred dollars more than the amount which the plaintiff claimed and asked for in his petition, was the evidence of the plaintiff himself, and who was sought to be cross-examined. This error demands a reversal of the judgment of the court below, and it will be so done, and a new trial ordered at the costs of the plaintiff in error.

Dale., C. J., who presided in the court below, not sitting; all the other Justices concurring.