A. S. WOODS, SHERIFF, AND THE WOODS COUNTY BANK, *a Corporation,* v. HARRY FAUROT.

(Filed June 11, 1904.)

1. **SALE—Delivery.** Where range stock is the subject of a contract of sale, a gathering together of the stock and turning it out of the enclosed pasture of the seller into the enclosed pasture of the purchaser for the purpose of perfecting such sale, is a sufficient delivery and change of possession to satisfy the statute requiring an immediate delivery followed by an actual and continued change of possession.

2. **EVIDENCE—Cross-Examination.** On cross-examination of a wit-

ness, the party cross-examining should be confined to the matters concerning which the witness has been examined in chief.

3. SAME—Title—Subsequent Declaration of 'Vendor, Inadmissible, .When.' After a party has parted with the title and possession of personal property, his declarations made subsequently respecting the ownership or title to the property, as a general rule, cannot be introduced in evidence by a third party to defeat the title of his vendee.

(Syllabus by the Court.)

*Error from the District Court of Woodward County; before J. L. Pancoast, Trial Judge.*

*H. A. Noah,* for plaintiffs in error.

*D. P. Marum,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: It appears from the record that in 1901, one Sam Hames was the owner of a large number of cattle and several head of horses, which he kept in a pasture in Woodward county. He was at the same time indebted to the Woods County Bank upon a promissory note in the sum of one hundred dollars and interest. In December, 1901, the bank brought suit in the district court of Woodward county against Hames to recover judgment on said note, and procured a writ of attachment to issue against the property of Hames. This writ was delivered to the plaintiff in error, Woods, as sheriff of Woodward county, and was on the 10th day of December, 1901, levied upon the horses in controversy in this action. Some months prior to the bringing of this action, Hames had sold the cattle and horses to James McGurn, and agreed to keep them for him without cost or expense until January, 1902. On December 7, 1901, McGurn sold the horses to Faurot, the

defendant in error, and the next day the horses were moved out of Hames' pasture and placed in the Faurot pasture by an employe of Faurot, and at the direction of McGurn and Faurot. After this change, on December 10, the sheriff of Woodward county levied the writ of attachment against Hames, and took possession of the horses, and Faurot brought replevin to recover the horses. On motion the bank was substituted for the sheriff, and defended the replevin action. The cause was tried to a jury, and verdict returned and judgment rendered in favor of Faurot for the value of the horses and damages for the detention of the same. The bank appeals, and the only alleged error properly saved, assigned in the motion for new trial, and embodied in the petition in error, is the fifth cause assigned as grounds for a new trial, viz: "Errors of law occurring at the trial, and exeepted to by the defendants."

The attachment was attempted to be sustained upon the theory that there had been no actual delivery of the horses from Hames to McGurn, followed by actual and continued change of possession, nor was any such delivery and change of possession made from McGurn to Faurot. The evidence does not support this theory as to the sale of McGurn to Faurot. The proof shows that when Hames sold to McGurn, the stock was in the pasture occupied by Hames, and by mutual agreement they were permitted to remain there. This would not have been a sufficient change of possession to have held against the creditors of Hames, but the contract of sale was good as between Hames and McGurn, and before any proceedings were brought by the creditors of Hames to subject said stock to their claims, McGurn had

made the sale to Faurot, and the horses had been gathered up and driven out of the pasture of Hames, and placed in the pasture of Faurot for the purpose of perfecting the same. This did in fact constitute an actual delivery of the property, and the change of possession was sufficient to comply with the law in this class of property. Where range stock is the subject of the sale, every requirement of the law is complied with, when the stock is taken charge of by the purchaser or his agents or employes, and driven from the pasture of the seller, and placed in the pasture of the purchaser, and if some of the stock shall afterwards escape and stray back to its former range without the knowledge or connivance of the purchaser, such fact will not defeat his title. The change of possession in this case had been actual, absolute and complete prior to the levy of the writ of attachment, and it does not appear from the evidence that there was any actual fraud in the sale.

The plaintiffs in error complain of the ruling of the court upon the admission of testimony during the trial of the cause. The plaintiff below put Hames on as a witness to prove that he sold the horses to McGurn, and that he had possession of the pasture in which they were kept up to the time Faurot's agent removed them and placed them in Faurot's pasture. On cross-examination the counsel for plaintiffs in error attempted to show that the witness was present at the time the sheriff levied the writ of attachment, and made claim to the horses. This was excluded by the court. There was no error in this ruling. The general rule is that on cross-examination, the party cross-examining is only entitled to examine the witness upon such matters as he has

been examined about in chief, and it is the duty of the court upon proper objection to confine the cross-examniation within these limits. The plaintiff, who produced the witness, had not interrogated him about what took place at the time of the levy or as to any statement made by him to the sheriff, and if the counsel for defendants desired to use the witness to make such proof, they should have called him as their own witness at the proper time, and made the proof by him as their own witness on the defense.

On the defense the defendants offered the deputy sheriff, Combs, as a witness in their own behalf, and offered to prove by him that at the time of the levy of the writ of attachment Hames claimed the horses as his property. This was objected to by Faurot and excluded by the court. There was no error in this ruling. Hames was not a party to the action; his declarations after he had parted title with the property, received the purchase price and delivered possession, could not be used to defeat the title of a subsequent purchaser from his vendee. He would not be permitted to disparage the title of his vendee after sale and delivery. There may be cases where conspiracy to defraud is relied upon, where such declarations might be admitted and limited to a specific issue, but in this case the facts did not warrant the reception of such evidence.

We have examined the evidence, and think the verdict and judgment is right upon the whole case; that no error is apparent, and the judgment is affirmed at the costs of the Woods County Bank.

Pancoast, J., who presided in the court below, not sitting; all the other Justices concurring.