# Brown *v.* Marmaduke, Appellant.

*Negotiable instruments—Promissory notes — Alteration — Evidence—Instructions to jury—Erroneous instructions—Witnesses—Interest—Incompetency.*

1. In a suit on a promissory note where there is nothing apparent on the face of the note to indicate a material alteration and there is no evidence tending to show such change or alteration, it is error for the court to submit to the jury as a matter of fact the question whether an alteration has been made. It is only when it is doubtful whether a note has been changed in a material particular that the preliminary question whether it has been altered or changed is to be determined by the jury

2. In an action on a promissory note the court did not err in refusing to permit defendant's counsel to cross-examine witnesses of the plaintiff, called to prove the maker's signature, as to whether there was any apparent erasure or alteration of the note.

3. Where in such case the defendant undertook to prove for the purpose of raising the presumption that the note had been paid, that it was in the maker's possession at the time of his death, the testimony of the wife of plaintiff's testator that it was in the possession of the payee, her husband, at the time of his death, which occurred several months before the death of the maker, was properly excluded, such witness being a legatee under her husband's will and having an interest adverse to the estate of the defendant's testator.

4. In such case the court erred in permitting the son of plaintiff's testator, who was a legatee under his father's will, to testify that defendant's testator had not paid the note.

Argued Jan. 11, 1915. Appeal, No. 326, Jan. T., 1913, by defendant, from judgment of C. P. Huntingdon Co., Dec. T., 1911, No. 6, on verdict for plaintiffs in case of Hermine Pauline Brown, Harry Brown and Lewis R. Brown, Executors of Philip Brown, Deceased, v. Frances Marmaduke, Executrix of John A. Brown, Deceased. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Reversed.

Assumpsit on a promissory note under seal.   Before WOODS, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs for $4,711.20 and judgment thereon.   Defendant appealed.

*Errors assigned* were various rulings on evidence.

*Wm. Wallace Chisolm,* for appellant.

*W. M. Henderson,* with him *H. W. Petriken,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, March 1, 1915:

This is an action of assumpsit on a note under seal, dated October 21, 1907, payable one year after date, signed by John A. Brown and payable to Philip Brown, his father.   The latter died in April, 1909, and his son died about six months thereafter.   The action was brought by the executors of Philip Brown, deceased, against the executrix of John A. Brown, deceased.   The pleas were non est factum and payment.   The trial resulted in a verdict and judgment for the plaintiffs, and the defendant has taken this appeal.

On the trial of the cause, witnesses were called by the plaintiffs who testified that the maker's signature to the note in suit was genuine.   The defendant's counsel offered to show by the cross-examination of these witnesses that the note bore evidence of an erasure which was excluded by the court.   The plaintiffs introduced testimony in chief to show that the note was found by them among the papers of their testator after his death. The note was then offered in evidence and was objected to for the reason that it bears visible evidence of a material alteration in that certain words, now undecipherable, have been erased from the body of the note since its signature.   The objection was overruled and the note was admitted in evidence.   The plaintiffs rested.

Under the plea of payment, the defendant undertook to show that the note in suit was in the possession of the maker at the time of his death. Mrs..Marmaduke, the defendant and widow of John A. Brown, deceased, testified that two weeks prior to her husband's death she saw the note in suit among his papers in his private box in the First National Bank of Huntingdon and took it into her possession, that she had the note at the time of his death and in October thereafter she carried it with other papers to the home of Lewis R. Brown, her husband's brother, where she remained off and on until the following June, that in looking through her papers while at the home of her brother-in-law she saw the note, and thereafter did not see it until it was presented in court by plaintiffs. She says she showed it to her sister, Miss Wyland, while she was staying with Lewis R. Brown, and that she does not know when it left her possession. She also testified that in the conversation with Lewis R. Brown, he stated there was nothing due the estate of Philip Brown from her deceased husband's estate. Miss Wyland corroborated her sister, and testified that she saw the note in October, 1909, in the possession of her sister while she was staying with Lewis R. Brown.

The learned court below left to the jury to determine the disputed facts whether Mrs. Marmaduke had the note in her possession as she testified, and whether or not the note had been altered in a material part. The second, third and sixth assignments relate to the refusal of the court to permit the defendant's counsel to cross-examine the witnesses of the plaintiffs, called to prove the maker's signature, as to whether there was any apparent. erasure or alteration of the note, and to the admission of the note in evidence. The testimony was properly excluded. The witnesses were called and interrogated simply as to the genuineness of the signature of the maker, and the defendant could not establish by cross-examination of these witnesses her defense of a

material alteration or erasure in the note. The first
assignment relates to the part of the charge in which
the court submitted to the jury to determine whether
there had been a material alteration of the note. We ex-
amined the note at the argument, and there is nothing
apparent on the face of it to indicate a material alter-
ation of the instrument, and there being no evidence
tending to show such change or alteration, the court
should have so instructed the jury and should not have
submitted the question for them to determine as a mat-
ter of fact. It is only where it is doubtful whether a
note has been changed in a material part that the pre-
liminary question whether it has been altered or changed
is to be determined by the jury.

When Mrs. Hermine Pauline Brown, one of the plain-
tiffs and the widow of Philip Brown, deceased, was on
the stand, the plaintiffs offered to show by her that the
note in suit was among the papers of Philip Brown and
in his possession at his house at the time of his death.
The defendant objected to the offer on the ground that
the witness's interest was adverse to the estate of the
defendant's testator, and that the testimony referred to
matters antedating the death of John A. Brown. The
court overruled the objection and permitted the witness
to testify. This was error. It will be recalled that
Philip Brown died about six months prior to the death of
his son, and that the matters offered to be proved oc-
curred during the lifetime of the latter. They were ma-
terial to the issue on the plea of non assumpsit. The de-
fendant, as we have seen, claims in support of her con-
tention that the note was paid and delivered to her hus-
band, that it was in his possession prior to and at the
time of his death. The testimony of Mrs. Brown tended
to disprove payment and delivery of the note to defend-
ant's testator by showing that the note was in her hus-
band's possession several months prior to the death of
defendant's testator, the maker. Mrs. Hermine Pauline
Brown is a legatee under her husband's will and hence

her interest is adverse to the estate of defendant's testator, and the witness was, therefore, clearly incompetent to testify to anything which occurred during the lifetime of John A. Brown.

The fifth assignment alleges the court erred in permitting Lewis R. Brown, a son of the plaintiffs' testator, to testify that the note in suit had not been paid. The offer was to show by the witness that no part of the note had been paid to the executors of Philip Brown, deceased, and covered the period prior as well as subsequent to the death of John A. Brown. The defendant's objection was overruled and the testimony was admitted. The witness is a legatee under his father's will and his interest is adverse to the estate of John A. Brown, the defendant's testator. He was, therefore, incompetent to testify that John A. Brown, during his lifetime, had not paid the note to Philip Brown's executors, and the evidence should have been excluded. The testimony of this witness and of Mrs. Hermine Pauline Brown was material to the issue raised by the pleadings, and both witnesses being incompetent, the evidence should have been excluded. The other assignments are immaterial and need not be considered.

The fourth and fifth assignments of error are sustained, and the judgment is reversed with a venire facias de novo.