### HAND et al. v. HICKOK.

No. 13640—Opinion Filed March 18, 1924.

**1. Appeal and Error — Review—Sufficiency of Evidence.**

The evidence is sufficient to sustain a judgment if there is any evidence whatever reasonably tending to prove either directly or immediately or by permissible inference the essential facts.

**2. Witnesses—Scope of Cross-Examination.**

The cross-examination of a witness should be confined to matters concerning which the witness has been examined in chief, but he may be asked any question which reasonably tends to explain, contradict, or discredit his testimony.

**3. Judgment Sustained.**

Record examined, and held, that the judgment of the trial court is reasonably supported by the evidence in the case.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by A. Hickok against W. H. Hand and Eula Hand. Judgment for plaintiff, and defendants appeal. Affirmed.

Biddison & Campbell, for plaintiffs in error.

Wm. Blake, for defendant in error.

Opinion by PINKHAM, C. The defendant in error, as plaintiff brought this action against the plaintiffs in error, as defendants, in the district court of Tulsa county, to recover judgment on a promissory note executed to the plaintiff by the defendants on the 18th day of October, 1918, for the sum of $5,100, and interest, and attorneys fees as provided by the note, and also for the purpose of foreclosing a mortgage on a certain lot in the city of Tulsa, which mortgage was given by the defendants to the plaintiff for the purpose of securing the said note.

It was alleged in the petition that no payment had been made on the note except the interest had been paid for one year, and the plaintiff asked judgment for $5,100, with interest thereon, for attorneys fees, and for the foreclosure of the mortgage.

Defendants in their amended answer first denied the allegations of plaintiff's petition not specifically admitted. Defendants admitted the execution and delivery to the plaintiff of the note sued upon and the execution and delivery of the mortgage on real estate described in plaintiff's petition for the purpose of securing the payment of the said note.

Defendants further alleged that they have paid and satisfied said note and mortgage in full, both principal and interest, and are not indebted to the plaintiff in any sum or in any manner whatever.

The defendants further alleged that on the 22nd day of October, 1919, there was due on the note the sum of $5,508, and that the plaintiff was at that time indebted to them in the sum of $2,008, and they had a settlement at that time in which the defendants were given credit for the $2,008, and that they executed and delivered to the plaintiff a note for $3,500, which had since that time been paid in full. Defendants further alleged that at the time of the settlement the plaintiff said he did not have the note with him but that he would deliver it to the defendants on the next day; that on the next day, the 23rd of October, 1919, the plaintiff stated to the defendants that the note was lost and in lieu thereof gave defendants a receipt for the payment of the note and stated that the same was lost.

The verified reply of the plaintiff was a denial of defendants' answer in so far as it alleged payment for any indebtedness of the plaintiff to the defendants as alleged in defendants' answer.

The case was tried before the court without a jury and after the court heard the evidence judgment was rendered in favor of the plaintiff for the amount of the note, interest and attorneys fees, and a judgment foreclosing the mortgage.

Motion for new trial was filed and overruled by the court, to which defendants excepted, and an appeal duly taken to this court.

The following assignments of error are set out in the brief of the defendants: First, the court erred in overruling plaintiffs in error's motion for a new trial; second, the court erred in rendering judgment for the defendant in error and against plaintiffs in error for the reason that the judgment was not supported by the evidence; third, the court erred in permitting the defendant in error to introduce incompetent, irrelevant, and immaterial testimony.

The first two assignments of error are based upon the proposition that the evidence was not sufficient to support a judgment for defendant in error and it is earnestly contended that under the evidence judgment should have been rendered for the plaintiffs in error.

The testimony of the defendant, W. H. Hand, was, in substance, that on or about the 22nd day of October, 1919, he had a settlement with the plaintiff; that at that time the defendant was indebted to him in the sum of $2,008; that the said sum was applied in satisfaction of the note sued upon and that the balance of the note over and above the $2,008 was settled by a mortgage given by the defendant on a piece of property for $3,500 and a note for that amount; that at the time of said settlement the plaintiff gave the defendant, Hand, the following receipt: "October 23, 1919. Received $5,100 of W. H. Hand in payment of a note given to A. Hickok by W. H. Hand and the note was lost. This will be a receipt for same. A. Hickok."

The defendant, Hand, further testified that subsequent to the execution of the receipt above set out he had another receipt itemized and brought it to the plaintiff, which the plaintiff signed. This second receipt is designated "Itemized Statement and Settlement made on the 22nd and 23rd day of October, 1919, by W. H. Hand and A. Hickok."

This second receipt introduced in evidence by the defendants contains a number of items after which there was an acknowledgment of full payment of the note for $5,100, and

interest thereon for one year. This last document is dated October 28, 1919. The receipt in question was witnessed by two persons, one of whom was an employe or had been an employe of the defendant.

The plaintiff testified that in October, 1914, the defendant, W. H. Hand, was indebted to him in the sum of $650, evidenced by a note for that amount; that Hand desired to pay the said note but the plaintiff had lost or misplaced the $650 note; that he then executed a receipt for the same and that the receipt introduced in evidence was the receipt which he executed in October, 1914, except that it had been materially altered in this: that it bore the date, "October 23, 1919" and further contained the figures "$5,100."

As to the second document introduced by the defendant the plaintiff testified that the defendant.. Hand, brought to him an itemized statement which he signed but that at the time he signed the second receipt referred to it did not contain any reference to the $5,100 note, and further that at the time the second receipt was signed by him no one was present except the defendant, Hand, the plaintiff and his wife, and that no witnesses signed the same.

One of the important questions involved in the case was the purpose for which the $3,500 note and mortgage was given by the defendant, Hand, to the plaintiff in October, 1919.

The plaintiff testified that he sold the defendant, W. H. Hand, two carloads of mules in October, 1919, and that he took the $3,500 mortgage as security for the payment of the mules, and that that transaction had no reference in any way to the $5,100 note in controversy.

The plaintiff's version of that transaction was materially supported by the testimony of the witness, Thompkins, who appears to have been entirely disinterested, who stated that at the request of the defendant, Hand, he drew the $3,500 note and mortgage, and that those instruments were taken for two carloads of mules sold by the plaintiff to the defendant, and that while he was drawing the instruments the defendant, Hand; asked the plaintiff to give the description of the mules as he knew them best.

It further appears that in January, 1920, several months after the date of these receipts, the defendant and the plaintiff had a settlement of their business affairs in the office of plaintiff's attorney. There is no dispute as to a settlement being made on that occasion between the parties but there is a dispute as to what was said and done at that time.

The defendant testified that he settled with the plaintiff in January, 1920, by giving him a check for $6,200, in a final settlement of the account between them, which included the note in controversy.

On the part of the plaintiff there is evidence of a very positive and convincing character that at that time, January 20, 1920, the defendant paid the plaintiff the interest on the $5,100 note in the amount of $408, and that the $5,100 note sued on in this action was not included in that settlement.

There is further evidence in the record to the effect that in 1921, about two years after the date of the receipts relied upon by defendant, the defendant, Hand, stated, in substance, that the plaintiff had agreed to extend the time of payment of the $5,100 note.

It appears that these parties did a large amount of business and entered into a number of business transactions in which invariably the plaintiff was the creditor and the defendant, Hand, the debtor. These business transactions covered a number of years and frequent partial settlements were had between them.

The parties and their respective witnesses were before the court, whose opportunity for observance of their demeanor upon the witness stand and their manner of testifying gave the trial court an advantage not possessed here in arriving at a fair and just conclusion. The trial court in rendering judgment found that, taking into consideration all the evidence in the case, on the receipt referred to of October 23, 1919 there had been some erasure and changes in that respect, and further that there was no evidence on the part of the defendant to show that after having paid this $5,100, as he claims, that he ever demanded a release of his mortgage or ever said anything concerning a release of the mortgage, or that the $5,100 mortgage has ever been paid.

"The evidence is sufficient to sustain a judgment if there is any evidence whatever reasonably tending to prove either directly and immediately or by permissible inference the essential facts." Great Western Coal & Coke Company v. Serbantas, 50 Okla. 118, 152 Pac. 1042.

Counsel for defendants in their brief cite a number of cases where the rule is announced, in substance, that:

"Where all reasonable probabilities from facts unquestionably established by the evidence are on one side of a controversy, the testimony of an interested party to the contrary does not create a conflict of evidence requiring such controversy to be submitted to and determined by a jury, or, if submitted, support their determination, if contrary to all such reasonable probabilities."

An examination of excerpts taken from these cases quoted in the defendants' brief is sufficient to show that the rule announced in those cases has no application to the facts disclosed in the instant case.

Under the third assignment of error counsel for defendants say in their brief that:

"The court permitted the defendant in error to go into the utmost detail of all the transactions the parties ever had with one another for the purpose of ascertaining whether Hand was entitled to credit on the $5,100 note at the time of settlement and whether the $3,500 mortgage was given for that purpose."

The objections of the defendant under this assignment grow out of questions propounded to the defendant, Hand, on cross-examination. We have carefully examined these questions and are clearly of the opinion that the contention of the defendant cannot be sustained.

It is always permissible to inquire into the details of events testified in chief by a witness and to develop and unfold the whole transaction about which he has already been partially interrogated.

We think the matters under consideration and the cross-examination of the witnesses which the defendant complains of in his brief were all competent and material for the purpose of disposing of all facts and circumstances surrounding the purported settlement.

"The cross-examination of a witness should be confined to matters concerning which the witness has been examined in chief, but he may be asked any question which reasonably tends to explain, contradict, or discredit his testimony." Woods v. Farout, 14 Okla. 171, 77 Pac. 346.

To the same effect see Weleetka Light & Water Co. v. Burleson, 42 Okla. 748, 142 Pac. 1029; Farmers' Product & Supply Co. v. Bond, 61 Okla. 244, 160 Pac. 181.

We think the cross-examination of defendant's witnesses as disclosed by the record comes within the rule above stated.

We have read the able briefs of counsel, both for plaintiff and defendants, and upon a careful examination of the entire record we are of the opinion that the judgment of the court is sustained by the evidence.

We think the judgment should be affirmed.

By the Court: It is so ordered.