## TOWN OF SENTINEL v. BOGGS.

No. 25186.   Oct. 13, 1936.

Geo. E. Merritt and Meacham, Meacham & Meacham, for plaintiff in error.

Massingale, Duff & Bailey, for defendant in error.

PER CURIAM. The parties are here reversed from their position as they stood in the court below, but for brevity they will be here denominated plaintiff and defendant as they were in the trial court.

The cause of action set forth in the petition was for damages on account of the operation of a sewage disposal system by defendant, town of Sentinel. It was alleged that said system involved the use of two tanks located near the plaintiff's farm and draining into a creek which ran through such farm, and that the defendant permitted raw sewage to escape into and foul the stream and the water wells of the plaintiff, and allowed noisome odors to escape from said plant and water course and permeate the air over and around plaintiff's home, which from time to time became so bad, disagreeable, and disgusting as to seriously disturb the comfort of the plaintiff and his family and necessitate the closing of the windows of the house to avoid the same. For such injury the plaintiff claimed (1) damages for wrongful interference with his comfort and the occupancy of his home; (2) damage to his water supply; (3) for permanent injury to his land; and (4) for decrease in its rental value. The answer was, in effect, a general denial and plea of the two-year statute of limitations (sec. 185 O. S. 1931). Upon the trial the court eliminated the claim of permanent damage to the land and also the claim of decrease of rental value, and submitted the cause to the jury upon instructions which limited the recovery to damages, temporary in character, for the contamination of the atmosphere of plaintiff's home by noxious, noisome and offensive odors and the fouling of the stream.

There was no dispute in the evidence that plaintiff owned the land described in the petition, and that he had occupied the premises as a home during a period for more than two years prior to institution of the action. Nor was there dispute that defendant maintained sewage disposal tanks near the creek flowing through the plaintiff's lands; nor was there dispute that there was a break in the sewer line in the spring of 1932, causing raw sewage of the town of Sentinel to discharge in the creek. There was competent evidence tending to prove that as a result of the operation of such sewage plant, and particularly after the break precipitating untreated sewage directly into the stream, the air at the home of the plaintiff was, at such times as the atmosphere was heavy and the wind blowing from the direction of the tanks and creek, polluted with noxious, noisome, sickening and disgusting odors to such an extent as to seriously disturb the comfort of the plaintiff and render his home and life therein disagreeable, and to render necessary, at such times, the closing of openings to exclude such odors.

There was also evidence tending to prove that the stream was, through the operation of such sewage disposal plant, polluted to such an extent that the water was unusable.

There was evidence adduced on the part of the defendant that there had been a slaughterhouse near the storage tanks, from which noisome and disagreeable odors emanated, and it was contended by defendant that such odors, in whole or in part, also were a cause of the discomfiture suffered by the plaintiff, but no substantial evidence connects such odors with the offensive odors evident at the plaintiff's home. In this connection the evidence adduced by plaintiff was explicit that the odors at his home, and of which he complained, were the same as those at the tanks and the creek.

There was no evidence adduced estimating the amount in dollars and cents of the damage suffered by the plaintiff by reason of the disturbance of his comfort.

The jury found a verdict for the plaintiff in the sum of $900. In this state of the record it could not be said there was no evidence reasonably sustaining the verdict and judgment.

Where, in an action at law, a cause is submitted to the jury for determination, this court on appeal will not weigh the evidence, but will examine the evidence only to determine if there be evidence sustaining the verdict. Cavanagh v. Johannessen, 57 Okla. 149, 156 P. 289. This rule was announced by the first Supreme Court of the state of Oklahoma, and has, since that time, been frequently reasserted. Carr v. Maxwell Trading Co., 24 Okla. 758, 105 P. 333. In the case of Hand v. Hickok, 98 Okla. 125, 224 P. 505, the rule is restated as follows:

" 'The evidence is sufficient to sustain a judgment if there is any evidence whatever reasonably tending to prove, either directly and immediately or by permissible inference, the essential facts.' Great Western Coal & Coke Co. v. Serbantas, 50 Okla. 118, 152 P. 1042."

This is substantially an action for damage for the maintenance of a nuisance, and

annoyance and discomfort occasioned plaintiff in the occupancy of his home constitutes the principal ingredient in the damage sustained. This damage is temporary in character. There is evidence tending to show the injury, and the fact that there is no evidence specifying in terms of money the amount of such injury does not deprive the plaintiff of the right to recover for such damage. Touching this point the Court of Appeals of Ohio, in the case of Ohio Stock Food Co. v. Gintling, 22 Ohio App. 862, 153 N. E. 341, in a case of like character, said:

"The evidence shows that during the time plaintiff occupied her farm as a homestead she suffered annoyances and inconveniences as a result of the wrongful operation of the defendant's farm. It is, of course, true that she did not offer any evidence of any pecuniary loss which she suffered during such time; but how could she? Is she therefore to be without compensation for her injuries? Is a person injured in an accident to be deprived of compensation for the pain and suffering endured because he cannot offer evidence of what the pain and suffering were worth from a pecuniary standpoint? The law is too humane to adopt such a rule, and has therefore established the principle that one injured may recover for pain and suffering without evidence of its pecuniary value, and it has also established the rule that for injuries to one's homestead, caused by a nuisance, the owner of such homestead may recover for such injuries without evidence of pecuniary value."

In that case the action was for damages for the maintenance of a hog farm in such proximity to the dwelling house of the plaintiff as that the filth and refuse therefrom was negligently discharged into a stream flowing by the premises of the party and causing to arise therefrom noxious, unhealthful, and offensive odors which enveloped the plaintiff's farm. The jury had found for the plaintiff, and damages of $1,000 were awarded.

In the case of Judson v. Los Angeles Suburban Gas Co., 157 Cal. 168, 106 P. 581, 26 L. R. A. (N. S.) 183, the action was for damages arising from the operation of a gas manufacturing plant in such a manner as to constitute a nuisance by reason of the smoke, odor, noise, etc., to which the premises of the plaintiff had been, from time to time, subjected, and the plaintiff recovered judgment for $750 for annoyance and inconvenience suffered by him. In the course of the opinion the court said:

"The fact that other sources of possible discomfort to the plaintiff existed in the neighborhood to his property is no defense

to an action of this kind. * * * In order that a judgment of this character may be upheld, it is not necessary that the health of the plaintiff or of members of his household should have been impaired. It is sufficient if the odors, sounds, and smoke were offensive to the senses. * * * Admittedly the discomfort caused respondent by the operation of the gas factory was not constant. This makes no difference. * * * The fact that respondent proved no damage to the dwelling house or herbage on his land or to the rental or vendible value of the property, does not prevent the court from awarding damages. In the very nature of things, the amount of detriment sustained is not susceptible of exact pecuniary computation. It is for the court to say what sum of money the plaintiff should receive in view of the discomfort or annoyance to which he has been subjected."

See, also, Oklahoma City v. Eylar, 177 Okla. 616, 61 P. 649, this day decided.

In the light of the foregoing statement of the evidence, and the well-settled principles of law frequently applied by this court in cases of personal injury, we hold that there was evidence reasonably tending to support the judgment. We are unable to say that the award of $900 damages was excessive.

It is charged by defendant that the court erred in admitting in evidence copies of purported reports of water analysis of the State Sanitary Engineer covering samples of water of the polluted stream and plaintiff's wells. The original reports were a part of the records kept by the State Health Department. It is contended that since the documents were merely copies of a record not required by law to be kept, the evidence at the trial given by the assistant to the State Sanitary Engineer, by whom the samples were collected, but who had not, himself, made the analysis, that the same were true copies of the original record in his possession in court, was insufficient to justify receipt of the copies in evidence. Whatever merit this contention might have as an abstract proposition of law, it is unnecessary for us to decide for the reason that no objection was made or exception saved at the time such documents were offered and received in evidence. This is apparent from an examination of the record, page 145, et. seq., which covers the record of the offer and receipt of the documents in evidence. The record does not disclose that subsequently any motion was made to expunge such evidence. Such being the facts it is elementary that having made no objection and saved no exception to receipt of the

626

evidence the party will not be heard to make his objection first in this court.

It is next urged that the court erred in refusing defendant the right to cross-examine the Assistant State Sanitary Engineer. At the outset let it be said that the record does not disclose a cross-examination of the witness was denied the counsel. On the contrary the court sustained objections to specific questions on the ground that such questions individually were not proper cross-examination. The assistant to the State Sanitary Engineer was called by the plaintiff to identify the copies of the reports to which reference is above made as being analysis of samples of water by him taken from the several places designated in such reports. In his evidence in chief he stated that he did not, himself, make the tests or the record, and the only questions asked him by plaintiff's counsel in relation to such reports were the locations from whence the samples were taken and the fact that they were forwarded to the State Sanitary Engineer's office, and that the copies presented to him were true copies of the records of the State Sanitary Engineer's office, which records were then in the possession of the witness in court. Under familiar principles of law a cross-examination of the witness is restricted to the matters about which inquiry is made upon direct examination or that go to the credibility of the witness. In Woods v. Faurot, 14 Okla. 171, 77 P. 346, this court said:

"The general rule is that, on cross-examination, the party cross-examining is only entitled to examine the witness upon such matters as he has been examined about in chief, and it is the duty of the court, upon proper objection, to confine the cross-examination within these limits."

The above excerpt was quoted with approval by this court in Hand v. Hickok, 98 Okla. 125, 224 P. 505. Pertinent illustrations of the application of this rule will be found in McGarvey v. Ford (N. M.) 27 P. 415; Richardson v. Fangle (Wash.) 60 P. 64; Taplin & Rowell v. Marcy, 81 Vt. 428, 71 Atl. 72; First National Bank v. Smith, 8 S. D. 101, 65 N. W. 439; Brown v. Marmaduke, 248 Pa. 252, 93 Atl. 1021.

Tested by these rules the questions propounded to the witness touching the contents of the written reports not inquired about in chief were improper cross-examination, and objections thereto were properly sustained. The case of Millikan v. Booth, 4 Okla. 713, 46 P. 489, relied upon by defendant is not in point. The only question determined there was that even though a

party was not present at the beginning of a trial and had been declared in default, he would nevertheless be entitled to cross-examine witnesses offered by the opposing side if he appeared before the trial was closed and demanded such right.

Error is assigned in the trial court permitting the witness Benedict to testify as to the meaning of certain terms employed in the State Sanitary Engineer's reports, copies of which were in evidence, the ground being that Benedict was not shown to be qualified to testify as an expert. The qualifying evidence is found in the testimony of the witness, and was, in substance, that he had occupied a position as chemical engineer at Hobart, Okla.; that he had held that position about two and a half years; that he had taken a short course in water analysis at the Agricultural & Mechanical College at Stillwater; that among his other duties he made chemical analysis of the water at Hobart, and that he had been doing so for about three years; that he was familiar with the forms used for analysis of water by the State Department of Health; that he was familiar with reading reports on analysis of water issued by the Department of Health and had frequent occasion to do so in his business. Having in mind the rules governing the testimony of so-called experts, we have no hesitancy in holding the witness qualified to answer the questions propounded to him. It was not necessary that witness be a chemical engineer, holding a degree, to qualify him in that behalf. This court, in the case of Bell v. Tackett, 134 Okla. 164, 272 P. 461, observed as follows:

"Whether or not the qualifications of a witness with respect to knowledge or special experience are sufficiently established is a matter resting largely in the discretion of the trial court, whose determination is usually final, and will not be disturbed by an appellate court, except in extreme cases, where it is manifest that the trial court has fallen into extreme error, or has abused its discretion, and that prejudice to the complaining party has resulted, even though the appellate court might have decided differently if the question had been presented to it in the first instance."

While in the very recent case of Texas Co. v. Alred, 167 Okla. 128, 28 P. (2d) 556, we said:

"We are committed to the rule that lay witnesses who qualify themselves to the satisfaction of the trial court concerning their knowledge of the subject in general and experience in general and means of observation and knowledge whereof they speak in

particular are competent to give their opinions, and that such opinions are evidence sufficient to support a verdict conforming thereto."

The foregoing observations of this court might well have been made in this case. There was nothing in the testimony of the witness to which objection was made that the witness did not appear fully qualified to answer, and there was no abuse of discretion in permitting him to do so.

Exceptions were taken at the trial by defendant to the giving of the following instruction which is assigned as error:

"You are further instructed that evidence has been admitted in this case of the existence of a slaughterhouse in the near vicinity of the plaintiff's home, and evidence tending to show that noxious odors emanated therefrom, but in this connection you are instructed that if you find that the plaintiff has sustained damages, and that the same occurred both from the concurring negligence of the defendant in the operation of its septic tank and the operation of the slaughterhouse, but which two causes are the efficient causes of the damage sustained by the plaintiff, if you so find, then all of the persons whose acts contribute to such damage are liable therefor, and the plaintiff may elect to sue either or both, and that the negligence of one furnishes no excuse for the negligence of the other, or no ground for reduction in the amount recoverable for the damage sustained."

By this instruction the jury was informed that if the discomfiture and injury of the plaintiff was caused by both odors from the sewage and odors from the slaughterhouse commingled, the fact that part of the odor emanated from the slaughterhouse constituted no defense. While perhaps the language employed would have had closer application to a case where both the owner of the two agencies disseminating the odors were parties, nevertheless, it, in substance, states a rule long established by this court as applied to cases where injuries are the result of independent concurring torts. In the case of Avery v. Wallace, 98 Okla. 155, 224 P. 515, the court quotes with approval from City of Tulsa v. Wells, 79 Okla. 39, 191 P. 186, as follows:

" 'Where several persons unite in an act which constitutes a wrong to another, the law permits all the wrongdoers to be proceeded against jointly, also leaves the party injured at liberty to pursue any one of them severally, or any number less than the whole, and to enforce his remedy regardless of the participation of the others' "

—and the following statement of law is contained in the fourth paragraph of the syllabus:

"Where several parties, acting together or acting independently of each other, purposely or carelessly and negligently do such acts as to do injury resulting in damage to another, such injured party may maintain an action against all or against any one or more less than all of such parties for the entire amount of damage done; and where such injured party brings action for the damage done against one of such parties, it is not error for the court to instruct the jury that, if they find from the evidence that the defendant, along with others, did the injurious acts resulting in damage, the plaintiff may recover from the one sued the entire amount of damage sustained by reason of such acts."

In Selby Oil & Gas Co. v. Rogers, 94 Okla. 269, 221 P. 1012, the law is stated as follows:

"Where the concurrent acts of different persons, although acting independently, combine to produce a condition which is actionable negligence, each is responsible to one injured thereby for the entire result, even though the act or neglect alone of the one sued might not have produced the result"

—and the court held that an instruction with reference thereto concluding "and you are further told that it is no defense that others may have contributed to such pollution", was a correct statement of the law.

The above-cited cases are in recognition of the rule established in this state by the case of Northup v. Eakes, 72 Okla. 66, 178 P. 266, and we find nothing in the case of Burt Corporation v. Crutchfield, 153 Okla. 2, 6 P. (2d) 1055, cited by defendant, that in any manner modifies the law as set forth in the decisions of the court above cited as applied to the state of facts involved in this case. In fact, in that case, Walters v. Prairie Oil & Gas Co., 85 Okla. 77, 204 P. 906, following Northup v. Eakes, supra, was cited with approval, and what was said by the court in applying the rule to the facts in the Burt Case, an automobile accident, was merely a restatement of the law as applied to a case where the acts of negligence involved were of momentary character.

We have considered all of the specifications of error set out in the defendant's brief. Numerous other assignments of error were contained in the petition in error, but none of them are specified in the brief, nor is any argument made in the brief in support of any of them. It is the uniform

628

rule of this court that alleged errors not carried to the brief and there presented, with authorities and argument, will be deemed waived and not considered by the court. L. S. Cogswell Lumber Co. v. Manahan, 135 Okla. 174, 274 P. 871, where the court quotes with approval from Allison v. Bryan, 26 Okla. 520, 109 P. 934, in the second paragraph of the syllabus as follows:

" 'It is essential that all points, upon which counsel rely for a reversal of a cause, be made in the brief and properly made; if not so made, they are waived. It is not enough to assert in general terms that a ruling of the trial court is wrong; a fair effort must be made to prove that it is wrong, or the point will not be considered as having been made.' "

Judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys W. F. Tucker, M. C. Spradling, and Carter Smith in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Tucker and approved by Mr. Spradling and Mr. Smith, this cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, PHELPS, and CORN, JJ., concur. RILEY and GIBSON, JJ., dissent.