## CARR v. MAXWELL TRADING CO.

No. 97.   Opinion Filed September 14, 1909.

(105 Pac. 333.)

**APPEAL AND ERROR—Review—Questions of Fact.** When the record presents no question for review except such as would require this court to weigh the evidence and determine where the preponderance lay, the judgment of the court below will be affirmed.

(Syllabus by the Court.)

*Error from Murray County Court; Harry W. Fielding, Judge.*

Action by the Maxwell Trading Company against D. H. Carr and I. J. Whitsett. Judgment against defendant Carr, and he brings error. Affirmed.

*Lockwood & Guinn*, for plaintiff in error.
*Walter E. Latimer*, for defendant in error.

KANE, C. J.   This was a suit on an open account, brought by the defendant in error, plaintiff below, against the plaintiff in

error and I. J. Whitsett, who were defendants below. After the commencement of the case, it was dismissed against Whitsett, and defendant Carr answered to the effect that, if he was indebted to the plaintiff at all, it was only as guarantor for Whitsett in the sum of $115; "that, when notified by plaintiff's agent, that the firm had advanced the defendant I. J. Whitsett to the amount of, to-wit, $100, this defendant then and there declared to such agent that if the firm was looking, or would look, to this defendant to secure said account, or any part thereof, it must be stopped now,' and that he, defendant, would not and 'will not stand for any more of it.'" The defendant's prayer was to the effect that in the event the court determined that he was primarily liable herein in any sum, as matter of law, and by reason of the facts set forth in his answer, the court shall require the plaintiff to make the same out of the goods, chattels, etc., of defendant I. J. Whitsett, and to use thereto every means known to the law before requiring this defendant to respond. The case was tried to a jury, which returned a verdict in favor of plaintiff and against the defendant Carr for the full amount of the account.

From the pleadings, it is apparent that the principal question submitted to the court and jury was whether the defendant Carr was indebted to the plaintiff as a guarantor or principal. The evidence on this question, to our mind, reasonably tends to show him to be the principal debtor. The evidence of several witnesses was to the effect that the defendant told the plaintiff to let Mr. Whitsett have what goods he wanted during the year 1907, and that he, Carr, would pay for them. Mr. Whitsett testified that he purchased from plaintiff the goods set out in the account attached to his petition during the year 1907 while he was making a crop on Mr. Carr's farm; that he was a tenant of Mr. Carr during that year; and that Mr. Carr told him before he went to his farm that he would supply him with provisions and pay for the same, so that he could make a crop on his (Carr's) farm during the year 1907. He further testified that he never had made any arrangement with the plaintiff or any one representing it to furnish him provisions,

that he was a stranger to them, and that the defendant Carr made the contract for the purchase of the provisions and agreed to pay for the same. This evidence it seems to us is sufficient to charge Mr. Carr as a principal, and was a sufficient basis for the verdict returned by the jury. Mr. Carr denies any liability beyond the possible $115 which he says he promised to pay as surety, but, as the evidence is conflicting on that point and the jury has found against him, this court is bound by the verdict of the jury.

As there are no questions raised except those that would require this court to weigh the evidence and determine where the preponderance lay, the judgment of the court below must be affirmed.

All the Justices concur.