## LAWSON v. GUTHRIE.

No. 3039.    Opinion Filed January 13, 1914.

Rehearing Denied April 7, 1914.

(137 Pac. 1186.)

1.    **REMOVAL OF CAUSES—Papers Transferred—Certified Copies.** Section 431, Williams' Ann. Const., provides that, when a case is removed or transferred from a state court to the United States Circuit or District Court, "* * * the files and papers in such transferred cases shall be transferred to the proper United States Circuit or District Court, together with a transcript of all book entries to complete the record in such particular case so transferred." But when the petition for removal is denied, then the files and papers must remain in the court in which the petition

is filed, and the petitioner must secure certified copies of all such files, papers, and records, and cause that to be filed in the United States court.

2.   **APPEAL AND ERROR**—Verdict—Conflicting Evidence.   Where the evidence is conflicting, and there is sufficient evidence in the record tending to support the verdict of the jury, this court will not disturb such verdict.

3.   **CLERKS OF COURTS** — Preparation of Transcript — Action for Fees—Instructions—Question for Jury.   Instructions examined, and held as correctly stating the law applicable to the case.

(Syllabus by the Court.)

*Error from County Court, Okfuskee County.*
*W. A. Huser, Judge.*

Action by Charles E. Guthrie against Lewis C. Lawson. Judgment for plaintiff, and defendant brings error.   Affirmed.

*Winston T. Banks,* for plaintiff in error.

*John L. Norman* and *S. L. O'Bannon,* for defendant in error.

LOOFBOURROW, J.   In December, 1907, there was filed in the office of the clerk of the district court of Okfuskee county the original record in the case of Dollie Houston v. Lena W. Huddleston *et al.;* said cause being transferred from the United States Court for the Western District of the Indian Territory to the district court of Okfuskee county, state of Oklahoma, by virtue of the Enabling Act.   Lewis C. Lawson, an attorney at law, the attorney for Dollie Houston in said cause, filed a motion for removal of said cause of Houston v. Huddleston from the district court of Okfuskee county, Okla., to the United States Court for the Eastern District of Oklahoma.   The motion or petition for removal was denied, and thereupon said Lawson directed the clerk of the district court, Charles E. Guthrie, the defendant in error in this case, to prepare a transcript of the case of Houston v. Huddleston, that the same might be filed in the United States Court for the Eastern District of Oklahoma; Attorney Lawson stating at the time that he personally had the money with which to pay for said transcript when completed. The clerk prepared the transcript, and notified Lawson that his fees for such services amounted to $48.   Lawson refused to

accept said transcript, and refused to pay the $48, and the plaintiff below, Guthrie, commenced an action in the justice court of Okfuskee county against said Lawson to recover said amount. Judgment was rendered in the justice court in favor of Guthrie. From that judgment, Lawson appealed to the county court, where the case was tried to a jury. The jury returned a verdict against Lawson, judgment being entered thereon, and, from that judgment, Lawson appeals to this court.

Plaintiff in error assigns as error the refusal of the trial court to give to the jury certain instructions by him requested; also error in the giving of instruction No. 3 by the court; and contends that the evidence is not sufficient to sustain the verdict and judgment.

Section 431, Williams' Ann. Const., provides that, when a case is removed or transferred from a state court to the United States Circuit or District Court, " * * * the files and papers in such transferred case shall be transferred to the proper United States Circuit or District Court, together with a transcript of all book entries to complete the record in such particular case so transferred." Plaintiff in error contends that it is contrary to law for the clerk to make a transcript of all of the records, files, and papers in the case, and that he should have transferred the original files and papers, and only transcribed the book entries necessary to complete the record. That contention is correct if the case is removed; but, when the petition for removal is denied, then the files and papers, being the records of that court, must remain in the court in which the petition is filed, and the petitioner, if he wishes the ruling reviewed by the United States Circuit or District Court, must secure certified copies of all files, papers, and records, and cause that to be filed in the United States court.

As to whether or not $48 was a reasonable fee and charge for the services rendered by the clerk, that is and was a question of fact to be determined by the jury, and the verdict of the jury was against the plaintiff in error, and there is evidence in the record tending to support such verdict.

Plaintiff in error also contends in his argument that he requested the clerk to make a copy of book entries alone, and did not request a transcript of the entire record. The testimony of Guthrie is to the effect that District Judge Caruthers, at the time Lawson demanded a transcript, stated to him that it would be necessary for him (Lawson) to show that he had ample funds to pay for this record; that Lawson thereupon pulled from his pocket a pocketbook full of currency, made a display of money to show that he had the money to pay for the transcript.—

"Q. What did Mr. Lawson say? A. . He said, 'I have got the money to pay for it; I want a transcript of the record.' That's what he said. Q. In pursuance of this request and demand of his, did you make a transcript of the record in that case? A. Yes, sir."

Witness Guthrie further testified that the transcript was to be paid for upon its completion. He notified Lawson of its completion, and testified to having demanded the fees several times, and having been refused; tendered it before the justice of the peace, and brought it into the county court and tendered it. He further testified that, after the petition for removal was denied, Mr. Lawson said to him, the clerk, "Should you fail to comply with my demand to get out this transcript in order that I may remove this case, the crime is a very grave one."—

"Q. . Did you prepare it for Lawson or for Dollie Houston? A. For Lawson. Q. Did you make this record on the strength of his personal request and demand? A. Yes, sir. Q. You knew nothing about his clients, whether they lived in the United States or Africa? A. No. He showed me the second time in the presence of Mr. Moon the contents of his money purse."

The court instructed the jury, in part, as follows:

"III. You are instructed that, if you believe from the evidence that the defendant requested the plaintiff to make a transcript of the record in the case in question, and that the plaintiff and the defendant understood at the time of such request that it was for the entire record as admitted in evidence, and that the defendant individually and personally agreed to pay for same, then you should find for plaintiff in such sum as you shall find from the evidence to be a reasonable compensation for the making of such transcript.

"IV. If you believe from the evidence that the defendant requested the plaintiff to make a copy of the book entries alone, and that he did not request the plaintiff to make a transcript of the entire record as exhibited to you, and that the plaintiff made another and entirely different transcript from that requested, then you should find for the defendant."

These instructions present both theories, and the jury found the facts in favor of the defendant in error.

Plaintiff in error contends that there was no direct allegation in the bill of particulars that he promised to pay the defendant in error the sum sued for, or for the transcript of the record as made. The second paragraph of the bill of particulars states, in part:

"* * * The defendant (Lawson) thereupon in open court ordered from this plaintiff a transcript in said cause, in order that he, the defendant, representing the plaintiff (Houston), might file the same in the United States Court for the Eastern District of Oklahoma, stating at the time in open court, and unto the court, in the presence of this plaintiff, the clerk of said court, that he, the defendant (Lawson) personally had the money with which to pay for said transcript when completed."

The case was tried upon the theory that the acts and conduct of Lawson were such as to make him personally responsible for these fees. This was a question of fact, and the jury determined it adversely to the plaintiff in error. See *Barnes et al. v. Lynch et al.,* 9 Okla. 156, 59 Pac. 995; *Richardson, R., B. Dry Goods Co. v. Hockaday et al.,* 12 Okla. 546, 73 Pac. 957; *Kramer v. Ewing,* 10 Okla. 357, 61 Pac. 1064; *Bird v. Webber,* 23 Okla. 583, 101 Pac. 1052.

In the instructions of the court and the record we find no error. The judgment of the trial court is therefore affirmed.

All the Justices concur.