## CITY OF GUTHRIE v. SNYDER.

No. 4226.   Opinion Filed September 8, 1914.

(143 Pac. 8.)

1.   **DAMAGES — Personal Injuries — Excessive Recovery.**   Where a city permits obstructions to be placed in its streets, leaves the same unguarded and without warning or danger signals, and a traveler, without negligence on her part, by reason of the negligence of the city, is thrown from a buggy, both bones of her leg being broken near the ankle, the fibula protruding through her stocking and into the ground, and the broken tibia being forced through the skin, and is confined to her bed for several weeks, and is permanently crippled, a verdict of $4,000 is not excessive.

2.   **APPEAL AND ERROR—Harmless Error—Overruling Challenge to Juror.**   If, in the trial of a damage suit against a city, the city challenges a juror on the ground that he is a taxpayer of such city, the challenge is overruled, and the city exhausts its peremptory challenges, one of which is exercised to excuse such juror, and it is not shown that an additional peremptory challenge was desired, or that any member of the jury which rendered the verdict was objectionable, the verdict being unanimous, although a three-fourths verdict could have been rendered, the ruling of the trial court is not reversible error.

3.   **SAME—Judgment—Evidence.**   Where the evidence reasonably tends to support the verdict of a jury, this court will not reverse a judgment on such verdict.

4.   **SAME—Judgment—Affirmance.**   If, after an examination of the entire record, this court is unable to say that plaintiff in error was deprived of a substantial right, or that justice was denied in the trial of the case, the judgment must be affirmed.

(Syllabus by the Court.)

*Error from District Court, Logan County;*
*A. H. Huston, Judge.*

Action by Clara Snyder against the City of Guthrie, a municipal corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*James Hepburn* and *Tibbetts & Green,* for plaintiff in error.

*McGuire & Smith,* for defendant in error.

LOOFBOURROW, J. This is an action for personal injuries by Clara Snyder, plaintiff, against the city of Guthrie, defendant. From a judgment in favor of plaintiff, the defendant appeals.

On the night of January 31, 1911, plaintiff was returning to the city of Guthrie, driving a horse, hitched to a buggy. At the corner of Nineteenth street and College avenue, within said city, a telephone pole had been anchored by a guy wire which extended into the street. Plaintiff, while driving the horse at an ordinary road gait in the regular beaten path of the street, at a place where there was no light at said corner, was violently thrown from the buggy to the street by reason of the wheels of the buggy coming in contact with said guy wire, thereby injuring plaintiff; both bones of the right leg being broken near the ankle, the fibula protruding through her stocking and being forced into the ground, and the broken tibia being forced through the skin. Plaintiff was confined to her bed for several weeks, and is and will be crippled for life. At the time of the trial the injured leg was not healed, but discharged sinus. Upon trial of the case a jury returned a verdict in favor of the plaintiff for $4,000.

The defendant, on appeal, assigns as error: (1) The overruling of the motion for new trial. (2) That the damage was excessive, and given under influence of passion and prejudice. (3) That the verdict is not sustained by sufficient evidence. (4) That the verdict is contrary to law. The fifth and sixth assignments complain of the giving and refusal to give certain instructions. (7) Error in permitting witness Reeves to testify to the condition of the street four months after the accident. (8) Misconduct of attorney in argument to the jury. (9) Error in refusing to excuse the juror Farrell, whom defendant challenged

for cause. (10) Error in admission and rejection of testimony over objection of defendant. (11) Error in overruling defendant's demurrer to the evidence.

There is no merit in the second assignment. For the injury sustained, the suffering, and the fact that plaintiff is permanently injured, we cannot say that $4,000 is excessive.

There is ample evidence to support the verdict, and this court has repeatedly held that a verdict will not be disturbed if there is evidence reasonably tending to support the same. See *Lawson v. Guthrie,* 40 Okla. 598, 137 Pac. 1186, and cases therein cited.

As to the fifth and sixth assignments of error, we have carefully examined the instructions given and refused, and those given fairly state the law applicable to the issues, while those refused were either covered by the instructions given or not applicable.

As to the seventh assignment, other witnesses testified that the street was in the same condition at the time of the accident as when the witness Reeves saw the same, concerning which he testified.

As to the eighth assignment, the statement of counsel was legitimate argument and was directed to the credibility of witnesses; but the same was withdrawn from the consideration of the jury, so that no harm resulted.

As to the ninth assignment, the juror Farrell was challenged by the city because he was a taxpayer, the challenge being overruled. Mr. Farrell was peremptorily challenged by the city, exhausting the peremptory challenges of the city; but it is not shown nor contended that any member of the jury who tried the cause was objectionable, nor is it shown that an additional peremptory challenge was desired. A three-fourths verdict could have been rendered in this case, but the verdict returned was a unanimous one.

In the first, tenth, and eleventh assignments of error there is no merit.

JULY TERM, 1914.—Vol. XLIII.          337

From an examination of the entire record we are unable to find that the defendant was deprived of a substantial right, or that justice was denied in the trial of this case.

The judgment of the trial court is affirmed.

All the Justices concur.