FARMERS' STATE BANK OF AMES v. HARP *et al.*

No. 5820.    Opinion Filed December 21, 1915.

(153 Pac. 863.)

1. **APPEAL AND ERROR—Trial—General Verdict—Review.** Where several defenses are pleaded, and a general verdict found for defendant, such finding is a finding in favor of defendant upon each defense pleaded; and where any one of the defenses pleaded is a complete defense to the action, the verdict of a jury, if there is evidence, although in conflict, reasonably tending to sustain it, and such defense has been submitted to the jury upon proper instructions, will not be disturbed.

2. **INDEMNITY—Action on Indemnity Bond—Payment—Sufficiency of Evidence.** The evidence in this case carefully examined, and though in conflict, found sufficient to reasonably support the verdict rendered.

(Syllabus by Collier, C.)

*Error from Superior Court, Garfield County;*
*Dan Huett, Judge.*

Action by Farmers' State Bank of Ames, Okla., against Joe Harp and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*John F. Curran,* for plaintiff in error.

*Garber & Kruse* and *McKeever & Church,* for defendants in error.

Opinion by COLLIER, C. This action was brought by plaintiff in error against defendants in error for breach of a bond entered into by defendants in error with plaintiff in error, to protect plaintiff in error against embezzlement and theft on the part of defendant in error Harp. Hereinafter the parties will be designated as they were in the trial court.

Among other defenses pleaded, defendant Harp pleaded a full settlement of all the demands of plaintiff sued for in this action, and offered evidence, which was in conflict with the evidence of plaintiff, to support his said plea of settlement. The jury found for defendants, to which plaintiff excepted. Within the statutory time, motion for new trial was filed, which was overruled and the action of the court excepted to; and subsequently a supplemental motion for new trial was filed, which was also overruled and the action of the court excepted to. Judgment was entered on the verdict for defendants, to reverse which this appeal is prosecuted.

The record in this case is very voluminous, and many errors are assigned as to the cross-examination of a witness, the giving and refusal to give instructions, the overruling of the motion and supplemental motions for new trial; but under the view we take of the case, the only question involved which we think necessary to consider is the plea of settlement, and evidence in support thereof, and the instruction of the court in regard to said defense of settlement. The cross-examination of witnesses is largely a matter of discretion of the trial court, and we are unable to see that in permitting the cross-examination of said witness, the court abused its discretion, or that the cross-examination complained of was not properly permitted.

Upon the question of payment, the court instructed the jury as follows:

"You are further instructed, gentlemen of the jury, that burden of proof in this case is upon the plaintiff to prove by a preponderance of the evidence all of the material allegations of his petition; and if you find from the evidence that the plaintiff has proven all of the material allegations of his petition, it will be your duty to find for the plaintiff. Upon the other hand, if the plaintiff has failed to prove all of the material allegations of its petition, it will be your duty to find for the defendants. You are further instructed that the defendants in this case plead settlement and payment as a defense to this action, and the burden of proving a settlement and payment is upon the defendants, by a preponderance of the evidence."

This instruction is, in our opinion, a correct exposition of the law.

As the defendant Harp pleaded as a defense that prior to the institution of this action he had had a full settlement with plaintiff for all the liabilities claimed by plaintiff in this action, such defense, if sustained, was a complete defense to this action. The verdict of the jury included the finding of this vital question in favor of said defendant; and such finding being supported by evidence reasonably tending to support it, though in conflict, the same should not be disturbed.

In *Walters Nat. Bank v. Bantock*, 41 Okla. 153, 137 Pac. 717, L. R. A. 1915C, 531, it is held:

"A general finding by a jury in favor of a party includes a finding in his favor on all the material issues in the case."

We have carefully considered all the evidence bearing upon the plea of settlement, and while the same is in

conflict, there is sufficient evidence to reasonably support the finding of the jury; and we are therefore without authority to disturb the verdict.

In *Rumbaugh v. Rumbaugh*, 39 Okla. 445, 135 Pac. 937, it is held:

"A judgment rendered upon a verdict based upon conflicting testimony will not be reversed where it is reasonably supported by the evidence. * * *"

See, also, *Hodgins v. Noyes*, 42 Okla. 542, 141 Pac. 968; *City of Guthrie v. Snyder*, 43 Okla. 334, 143 Pac. 8.

With this finding of the jury, that defendant Harp had settled and discharged all the liabilities sued upon in this action, any right of action against his surety and codefendant necessarily fell.

The court did not err in overruling the original and supplemental motions for a new trial.

There being no merit in this appeal, this cause should be affirmed.

By the Court: It is so ordered.