## MUSKOGEE ELECTRIC TRAC. CO. v. COOPER.

No. 9758—Opinion Filed Oct. 12, 1920.

(Syllabus by the Court.)

**1. Appeal and Error—Review—Verdict—Conflicting Evidence.**

Where the law applicable to the facts material to the issues joined by the pleadings in an action is fairly and fully submitted to the jury by the court, a verdict of a jury based upon conflicting testimony will not be disturbed if it is reasonably supported by the testimony in the case.

**2. Same.**

Where the evidence is sharply conflicting, the credibility of witnesses being a matter lying peculiarly within the province of the trial court and the jury, the Supreme Court cannot pass thereon on appeal without invading the province of the trial court and the jury.

**3. Street Railroads—Action for Injuries to Passenger — Care in Alighting — Evidence.**

In an action for damages against a street car company for personal injuries inflicted upon a passenger by failure of the carrier to stop its car a reasonably sufficient time to allow the passenger to alight safely, evidence that the passenger was proceeding to get off the car in the usual manner tends to prove that he was alighting with reasonable dispatch.

**4. Appeal and Error—Harmless Error—Statute.**

Section 6005, Rev. Laws 1910, provides: "No judgment shall be set aside or new trial granted by an appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

**5. Street Railroads—Action for Injuries to Passenger—Instructions.**

Record examined, and held: (1) That the instruction complained of fairly states the law applicable to the issues joined by the pleadings and the evidence. (2) That it does not appear that the error complained of probably resulted in a miscarriage of justice.

Error from District Court, Muskogee County; R. P. deGraffenreid, Judge.

Action by Cora Tyesky Cooper against the Muskogee Electric Traction Company for damages for personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

B. B. Blakeney, J. H. Maxey, and Christy Russell, for plaintiff in error.

Myron White, David A. Kline, A. A. Avery, and John Watkins, for defendant in error.

KANE, J. This was an action for damages for personal injuries, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The plaintiff for her cause of action against the defendant alleged, in substance, that she was a passenger riding on one of the street cars of the defendant company; that while attempting to depart from the said car at her destination and while plaintiff was leaving said car as carefully and diligently as possible, said defendant's agent, servant, and employe in charge of the same suddenly and in an unexpected manner started the car, jerking the plaintiff furiously, carelessly, and negligently, thereby throwing plaintiff with great force up and against said car violently and down upon the ground, thereby injuring plaintiff.

Upon trial to the jury there was a verdict in favor of the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

Counsel for defendant present their grounds for reversal under two heads as follows:

(1) That the verdict and judgment are contrary to and not supported by the evidence.

(2) That the court erred in giving instruction No. 4 over the objection and exception of the defendant.

As we understand counsel's first proposition, the point they make is that there is no evidence whatever tending to show that the plaintiff was reasonably diligent in getting off the car. They say, quoting from San Antonio Traction Co. v. Urban (Tex. Civ. App.) 155 S. W. 1028, that:

"The duty of a carrier to stop its car a reasonably sufficient time to allow a passenger to safely alight is no more imperative than the duty of the passenger to alight with reasonable dispatch, and where a carrier stopped its car for a reasonably sufficient time, but the passenger was not diligent in alighting, the carrier was not liable for damages, unless when the passenger was alighting the carrier knew of his position and then failed to use the high degree of care

required to protect passengers from injury, and then only if the passenger was free from contributory negligence."

It is quite true, as counsel contend, that there is no evidence in the record specifically stating that the plaintiff used due diligence in leaving the car. There is evidence, however, tending to show exactly what the plaintiff did and in our opinion this evidence reasonably tends to show that the plaintiff used due diligence in alighting. Counsel for defendant in their brief summarize the testimony of the plaintiff on this point as follows:

"The car stopped; I got up and started out of the car; had a bucket of lard and a package of turnip greens and some ham in my hand; walked out on the step and got hold of the car and got on the step; took hold of the handle with my left hand. This was near the front end of the right hand side of the car. I just got on the step and then the car started and threw me, and that is the last I remember."

This, we think, made a case for the plaintiff on the point now under consideration. The defendant tried its case upon the theory that the plaintiff alighted from the car in safety and thereafter stepped in a 'hole in the street near the car line and was injured. On the question of the diligence of the plaintiff in leaving the car and the manner of injury, the testimony of the motorman, as summarized by counsel for defendant in their brief, was as follows:

"When I opened the door the plaintiff got up and walked to the door, took her bundles, and stepped out in the usual manner. The car was standing still, and was not in motion when she stepped off. I saw her after she had gotten on the ground. I never paid any further attention to her then. She was three or four feet away from the car when I last saw her. She was standing up, and she didn't fall at that time, and there was no accident at that time. I drove the car on out to the end of the line, and when I came along past this place coming back I heard someone hollow and I stopped my car and went back to see what was the matter, or who it was. She was lying on her side about four or five steps from the tracks about half way sitting up. I asked her what was the matter, and she said she had sprained her ankle. I asked her how she came to sprain it, and she said she stepped in a hole or siding place, etc."

When the testimony of the plaintiff and that of the motorman are compared, it will be seen that there is no conflict between them on the precise question raised by the first assignment of error. The motorman testified: "When I opened the door the plaintiff

got up and walked to the door, took her bundles, and stepped out in the usual manner." This evidence, we think, was sufficient to take the case to the jury on the question of the plaintiff's diligence in alighting.

The foregoing excerpts from the evidence conclusively show that there was a sharp conflict in the evidence as to the manner of the plaintiff's injury.

It is well settled in this jurisdiction that where the law applicable to the facts material to the issue joined by the pleadings in an action is fairly and fully submitted to the jury by the court, the verdict of a jury based upon conflicting testimony will not be disturbed if it is reasonably supported by the testimony in the case. A., T. & S. F. R. Co. v. Eldridge, 41 Okla. 463, 139 Pac. 254; Texas Company v. Collins, 42 Okla. 374, 141 Pac. 783; Lowenstein v. Holmes, 40 Okla. 33, 135 Pac. 727; St. L. & S. F. R. Co. v. Kerns, 41 Okla. 167, 136 Pac. 169; Avants v. Bruner 39 Okla. 730, 136 Pac. 593; St. Paul Fire & Marine Ins. Co. v. Peck, 40 Okla. 396, 139 Pac. 117; Cummins v. Bridges, 42 Okla. 200, 140 Pac. 1146; City of Guthrie v. Snyder, 43 Okla. 334, 143 Pac. 8; Smith v. Bell, 44 Okla. 370, 144 Pac. 1058.

Counsel for defendant in their brief complain that the plaintiff trumped up a case against their client and succeeded in sustaining it by false testimony. The testimony of the witnesses for the respective parties was, as we have seen, in sharp conflict, and undoubtedly one side or the other was stretching the truth. But as the question which side it was involves passing upon the credibility of the witnesses, a matter peculiarly within the province of the trial court and the jury, we cannot without encroaching upon the province of the trial court and the jury enter that field. See Quapaw Mining Co. v. Cogburn, 78 Okla. 227, 190 Pac. 416.

We have examined the instruction complained of, and believe that it fairly states the law applicable to the issues joined by the pleadings and the evidence. Moreover, there being a sharp conflict in the evidence and the jury finding in favor of the plaintiff upon sufficient evidence, we are not willing to say, after an examination of the entire record, that giving the instruction complained of probably resulted in a miscarriage of justice.

Section 6005, Rev. Laws 1910, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the im-

proper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur, except RAMSEY, J., not participating.