## HARRELL v. KITCHIN.

No. 14235—Opinion Filed Sept. 18, 1923.

1. **Appeal and Error—Questions of Fact—Province of Court and Jury.**

Where a question presented to this court for review involves only the sufficiency of conflicting evidence to sustain the verdict, and where the trial court has approved the jury's finding, this court will not weigh the evidence to determine on which side lies the preponderance.

2. **Trial—Amendment to Conform to Proof.**

In an action for damages for negligence in the loss of certain personal property, and upon the trial thereof it develops that one article so lost was inadvertently omitted from the list of articles named in the petition, it is not an abuse of discretion to permit a trial amendment to conform to the proof where the character of plaintiff's claim and of defendant's defense is not thereby changed, especially where defendant does not ask to withdraw his announcement, nor for a continuance.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by Cassie G. Kitchin against Cleve Harrell, operating as Yellow Taxi & Baggage Company, to recover the value of a traveling bag and contents. Judgment for plaintiff for $300, and defendant brings error. Affirmed.

On or about September 7, 1920, Cassie G. Kitchin arrived in Oklahoma City on a Santa Fe train reaching here about 9 a. m. She took a Yellow Taxi to the Ohio Hotel, delivering her traveling bag to the driver. When the hotel was reached it was discovered that her traveling bag had been lost during the drive from the station. This action was commenced against the defendant, Cleve Harrell, as owner and operator of the Yellow Taxi & Baggage Company, to recover the value of

said traveling bag and contents, alleged to be $358.15. On the trial plaintiff was permitted to make a trial amendment to include in the list of articles contained in said traveling bag a diamond pin of the value of $150, thus increasing the value of the bag and contents to $508.15. There was verdict and judgment for plaintiff for the sum of $300, and this proceeding is brought to reverse that judgment. Other facts pertinent to the questions presented will be stated in the opinion.

Lillard & Edwards, for plaintiff in error.

O. P. Estes and J. F. Martin, for defendant in error.

Opinion by LOGSDON, C. In this court defendant presents and relies on two propositions, as follows: (1) Insufficiency of the evidence to support the verdict. (2) Error of the court in permitting the trial amendment.

Under the first proposition defendant, Cleve Harrell, insists that his special defense is sustained by a preponderance of the evidence and that the verdict for plaintiff is therefore not sustained by sufficient evidence. This special defense consisted of a plea of settlement made with plaintiff's attorney and of his authority to make the settlement.

The record shows that soon after the loss of her property plaintiff employed one J. W. Burns, then a member of the bar of Oklahoma, to recover the value of the property. On October 4, 1920, Mr. Burns accepted $50 from defendant in settlement of plaintiff's claim and gave his receipt therefor. As a witness on the trial Mr. Burns testified to his authority from plaintiff to make this settlement. Plaintiff denied his authority and testified that she knew nothing of the settlement until after she employed other attorneys to prosecute her claim. Defendant testified that the next day after making the settlement with Burns plaintiff called him over the 'phone and he then informed her of the settlement which he had made with her attorney and she said, " All right." Plaintiff denied this. A significant fact shown by the record corroborative of plaintiff's testimony that she knew nothing of the settlement is that Burns filed suit on this claim October 21, after accepting the settlement October 4, but did not have summons issued, and the other attorneys found the case in this condition when they took charge of it January 26, following. Why the suit should have been filed after settlement, without having summons issued, is only susceptible of one explanation, and that is that it was done to keep plaintiff in ignorance of the settlement.

and to keep defendant in ignorance of the attorney's lack of authority.

The most that can be said on this branch of the case is that the testimony is conflicting, and the jury having resolved that conflict in favor of the plaintiff and the trial court having approved this finding, the verdict upon the facts is final. Carr v. Maxwell Trading Co., 24 Okla. 758, 105 Pac. 333; Loomer v. Walker, 59 Okla. 44, 157 Pac. 1055; McDonald v. Strawn, 78 Okla. 271, 190 Pac. 558; Muskogee Traction Co. v. Cooper, 79 Okla. 271, 193 Pac. 39.

Defendant's second proposition raises the question of the correctness of the court's action in permitting plaintiff to make a trial amendment to conform to the proof. The action was brought to recover the value of a certain traveling bag and contents, a list of which contents was embraced in the petition and amounted to the sum of $358.15. While plaintiff was upon the witness stand in her own behalf she testified that at the time of making the list of articles she forgot to include therein a diamond stick pin of the value of $150. Her attorneys thereupon asked and were granted leave to make a trial amendment by including the diamond stick pin in the list of articles lost. Defendant excepted, but did not ask to withdraw his announcement in the case, nor for time to answer the amendment, nor for a continuance of the case. This action was brought to recover damages for negligence of defendant in losing plaintiff's traveling bag and contents. The answer was a general denial and a special plea of settlement with her attorney. This amendment in no way changed the character of plaintiff's claim nor lessened the burden of proof resting upon her. That it did not have the effect of enhancing her damages is shown by the amount of the verdict. It did not change defendant's defense, for if his special plea of settlement had been sustained it would have included this item covered by the amendment, and it did not increase the burden of proof resting upon him. Under such circumstances no abuse of discretion by the trial court is shown, and therefore no error. Lookabaugh v. Bowmaker, 21 Okla. 489, 96 Pac. 651; Z. J. Fort Produce Co. v. Southwestern Grain Co., 26 Okla. 13, 108 Pac. 386; Trower v. Roberts, 30 Okla. 215, 120 Pac. 617; St. Louis & S F. Ry. Co. v. Keiffer, 48 Okla. 434, 150 Pac. 1026; Elliott v. Cogswell, 56 Okla. 239, 155 Pac. 1146.

It is therefore concluded that the judgment of the trial court herein should be in all things affirmed

By the Court: It is so ordered.