## ADAMS v. HANSFORD.

No. 17821.   Opinion Filed Feb. 7, 1928.

Rehearing Denied April 3. 1928.

(Syllabus.)

**Appeal and Error—Review—Questions of Fact—Conflicting Evidence.**

Where a case is tried to the court and there is a conflict in the evidence on the issues joined, determination of the questions of fact therein is for the trial court, and this court, on appeal, will not weigh the evidence or determine as to the credibility of the witnesses, that question being one for the trial court.

Error from District Court, Logan County; Charles C. Smith, Judge. ·

Action between H. M. Adams and H. T. Hansford as to which one is entitled to the condemnation money for real estate claimed by each of them. From judgment in favor of Hansford, Adams appeals. Affirmed.

E. S. Lowther, for plaintiff in error.

C. G. Hornor, for defendant in error.

PHELPS, J. The board of education of

the city of Guthrie instituted proceedings in the district court of Logan county under the law of eminent domain to condemn certain city lots for its use for a public school building. A controversy arose between H. M. Adams and H. T. Hansford, each claiming to be the owner of the property and therefore entitled to the condemnation money. Their respective claims were heard by the district court, and from a finding and judgment in behalf of Hansford, Adams prosecutes this appeal.

Hansford's claim is based upon a tax title. Adams claims that either himself or his wife had been in continuous possession of the property and that Hansford's tax title was void for the reason, among other things, that Adams was in possession of the property and neither Hansford nor his grantees under the tax deeds had taken any steps for a number of years to obtain possession thereof.

It appears that this property was vacant town lots which had never been improved further than probably a portion of it having been used at some time as a vegetable garden, and that otherwise possession had been constructive. Hansford, however, claims that Adams had paid no taxes on these lots for many years after the tax deed was issued, and did not have even constructive possession of the same, but that he, Hansford, had assumed possession and control after he obtained title and that they had been leased to the Rotary Club for a ball park.

We agree with counsel for defendant in error when he says the record is exceedingly complicated:

"It consists principally of about two hundred pages of tax deeds and proceedings."

It appears that the trial court found that Mr. Adams had not sustained the burden placed upon him by sections 9750 and 9751, C. O. S. 1921, neither had he at any time paid or offered to pay the delinquent taxes against the property. Clearly, under the above cited sections of the statute, the burden was upon Mr. Adams to show that the tax titles, under which Mr. Hansford claimed the right to the condemnation money, were void, and as the trial court was confronted with the witnesses and had an opportunity to observe them, we are bound by the finding of that court.

In Muskogee Electric Traction Co. v. Cooper, 79 Okla. 271, 193 Pac. 39, this court said:

"Where the evidence is sharply conflicting, the credibility of witnesses being a matter lying peculiarly within the province of the trial court, * * * the Supreme Court cannot pass thereon on appeal without invading the province of the trial court. * * *"

This authority follows the same rule announced by this court in Falls City Clothing Co. v. Sweazea, 61 Okla. 154, 160 Pac. 728. The judgment of the trial court is, therefore, affirmed.

MASON, V. C. J., and LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See 4 C. J. p. 844, §2830; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.