## STEVENS v. WEY et al.

No. 19263. Opinion Filed Oct. 29, 1929.

Robinson & Oden, for plaintiff in error.

W. C. Austin and D. R. Rutherford, for defendants in error.

JEFFREY, C. This is an action by F. L. Stevens, as plaintiff, against C. C. Wey, O. H. Wey, and R. K. Wey, a copartnership, doing business under the firm name and style, Wey Hardware Company of Eldorado, Okla., as defendants, to recover on six promissory notes aggregating the sum of $685, bearing interest at six per cent. from date, and providing for a reasonable attorneys' fee. The notes were executed August 26, 1926, by the defendants in favor of the Brenard Mfg. Company of Iowa City, Iowa, herein called payee, and represent the purchase price of seven Heraldyne radio receiving sets. The notes appear to have been indorsed by the payee to plaintiff on October 8, 1926, and before maturity. Plaintiff's petition is the usual form of declaration on promissory notes by a holder in due course. Defendants admitted the execution of the notes, but alleged fraud and misrepresentation by payce's agent in securing the notes and a failure of consideration. Defendants denied that plaintiff was an innocent purchaser for value, and the real party in interest in the action, but alleged that he is simply suffering his name to be used without assuming any responsibility or expense in the suit, and that the suit is prosecuted at the expense and for the use and benefit of the Brenard Mfg. Company.

The cause was tried to a jury and a verdict returned in favor of defendants. Judgment was duly rendered on the verdict, motion for a new trial was overruled, and plaintiff has appealed.

Plaintiff presents only one assignment of error, to wit: Error of the court in overruling plaintiff's motion for a directed verdict. After both parties had rested, plaintiff moved for a directed verdict in his favor, which motion was overruled, and the cause submitted to the jury under general instructions. It is admitted by counsel for plaintiff that the evidence was sufficient to justify a finding that the radio sets were worthless; and that the consideration for the notes wholly failed. The only question for determination under this assignment of error is, Was plaintiff a holder in due course, so as to render the defense good against the original payee unavailable as against plaintiff? More accurately stated, plaintiff's contention is that, he having shown by his own testimony and the testimony of T. O. Loveland, the managing partner of the Brenard Mfg. Company, that plaintiff purchased the notes before maturity for value, that plaintiff had no knowledge or notice of any defect in the payee's title to the notes, and this not being disputed by positive evidence on behalf of defendants, plaintiff, by the undisputed evidence, was a holder in due course, and the court should have so instructed the jury. Counsel for plaintiff bases his position and argument upon the repeated holdings of this court to the effect that in order to defeat the rights of an assignee of negotiable paper, claiming to be a holder in due course, suspicion or the knowledge of circumstances which would excite such suspicion in the minds of a prudent person, or knowledge of circumstances sufficient to put one upon inquiry, is not

sufficient to prove notice on an infirmity in the instrument or defect in the title of the person negotiating it. But in such cases the test is, Did the purchaser have actual knowledge of the infirmity or defect or knowledge of such facts at the time of taking the instrument that his action in so doing amounts to bad faith? Such is the settled law of this state. Forbes v. First Nat. Bank of Enid, 21 Okla. 206, 95 Pac. 785; Hobart M. Cable Co. v. Bruce et al., 135 Okla. 170, 274 Pac. 665, and numerous other cases. Those cases are predicated upon the fourth subdivision of section 7722, and section 7726, C. O. S. 1921. The principal complaint made by defendants, in the case at bar, is that plaintiff did not meet the condition of the third subdivision of section 7722, supra. That condition is that in order to occupy the status of a holder in due course, one must take the instrument in good faith and pay value therefor. It then becomes necessary to review the evidence for the purpose of determining whether there is any competent evidence tending to prove that plaintiff did not take the notes in good faith and pay value therefor.

The evidence shows that the Brenard Mfg. Company was a copartnership, composed of T. O. Loveland and J. L. Records, with its place of business in Iowa City, Iowa. Its principal business was manufacturing radios and phonographs, or assembling parts purchased on the market into radios and phonographs. Defendants, being engaged in the mercantile business at Eldorado, Okla., purchased from a representative of the manufacturing company seven of its radio receiving sets. At the time the merchandise was purchased, the salesman did not have the instruments to exhibit, but merely exhibited pictures and literature in connection with the usual salesmen's talk. The notes were then given and accompanied the written order for the radios. On receipt of the radios, defendants' evidence shows that several of the sets were hooked up, according to the directions issued by the manufacturer, but that "squawks and squeaks" were the only sounds that could be received. The defendants began to complain to the payee that the radios did not meet the warranties made. Considerable correspondence was had between defendants and payee, in which defendants insisted that the radios would not work satisfactorily, and asked for a representative to come and examine them, and for an adjustment, to all of which payee would answer that defendants were not following instructions. On the 23rd day of October, 1926, defendants, apparently having concluded that no adjustments were going to be made, wrote payee offering to return the radios, asking for shipping instructions, and demanding the return of their note. At this time payee advised defendants that the notes had been sold and assigned to plaintiff. The record further shows that one G. A. Kenderdine, an attorney of Iowa City, appeared at that point, as counsel for plaintiff, and was also legal counsel for payee company, with offices in the building owned by said company and closely connected with the offices of said company. Plaintiff himself testified that Mr. Kenderdine was the legal counsel for the company; that his offices were a part of the business of the company; that Kenderdine handled the correspondence about the notes after plaintiff had acquired them and prior to suit; that Kenderdine had prepared the papers for suit; had secured counsel in Oklahoma to file the suit and look after the case; and that he (plaintiff) had an understanding with the company that he was not to be put to any expense by reason of litigation in collecting the notes; and further that he had not incurred any expense in connection with the suit. Plaintiff further testified that he was somewhat familiar with payee's method of collecting notes; and that he had purchased other notes from this concern. Plaintiff was an attorney and engaged in the practice of law at Iowa City, and also bought paper and engaged in collection work. At the taking of plaintiff's deposition, he testified on cross-examination that he and his attorney used, on direct examination, a standard form of deposition for such cases, which had been prepared by Kenderdine. He later testified, however, that his answers to questions propounded were not influenced by any form, but represented the true facts about which inquiry was made. Plaintiff testified that on October 8, 1926, he purchased of payee notes amounting to $6,495, in which the notes in suit were included. He stated that he bought said notes at a discount of ten per cent., and exhibited a check payable to payee which appears to have been duly paid on the Iowa City Savings Bank for the sum of $5,950. When the notes were indorsed to plaintiff, they were delivered to the Citizens' Savings & Trust Company of Iowa City for collection There is no evidence that this was payee's bank, but it is a different banking institution from that on which plaintiff drew his check in payment of the notes purchased. That concern sent out notices to the defendants, ad-

vising them that the notes were due. These notices bore payee's customer number, but made no reference to the fact that collection was being made for plaintiff. T. O. Loveland, the managing partner of the payee company, also testified that plaintiff was not to incur any expense or obligation in connection with the collection of said notes. These facts and circumstances tend to prove that plaintiff did not purchase the notes in question outright and in good faith, but was merely carrying out an understanding had with payee company to assist in collecting the notes. There are many facts and circumstances in evidence which indicate that payee is the real party in interest instead of plaintiff. This evidence tended to establish defendant's contention that plaintiff did not buy the notes in good faith, nor pay value therefor so as to constitute him a holder in due course, and raised an issue of fact to be determined by the jury under proper instruction. The jury having determined this questioned in favor of defendants, and being sustained by competent evidence, its finding on the question is final and conclusive on appeal. The judgment of the trial court is affirmed.

TEEHEE, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Appeal and Error," 4 C. J. §2834, p. 853, n. 61. "Bills and Notes," 8 C. J. §1376, p. 1062, n. 62.