### CLARK et al. v. STEVENS.

No. 20806.  Opinion Filed April 12, 1932.

T. T. Varner, for plaintiffs in error.

C. C. Williams, for defendant in error.

HEFNER, J. This is an action brought in the district court of Le Flore county by Fred L. Stevens against I. P. Clark and A. Duncan, doing business under the firm name of Clark & Duncan, to recover on five promissory notes of $50 each and one for $38.33, executed by defendants in favor of Brenard Manufacturing Company, and indorsed by

said company to plaintiff. Plaintiff claims to be an innocent purchaser thereof, but defendants deny that he was an innocent purchaser, and defend on the ground that the execution of the notes was induced by false and fraudulent representations of the agent of the manufacturing company. A jury was impaneled to try the case, and, at the conclusion of the evidence, on motion of plaintiff, the court directed a verdict in his favor. The motion was based on two grounds: First, that plaintiff was an innocent purchaser; and second, that there was no competent evidence to sustain the defense of false and fraudulent representations made by the agent.

Defendants appeal and assert that the evidence was sufficient upon which to submit their defense to the jury. We think the evidence was sufficient to take the case to the jury on the question of whether plaintiff was an innocent purchaser. The circumstances under which the notes were purchased, and the manner in which the same were to be collected, are similar to those in the case of Stevens v. Wey, 139 Okla. 210, 281 P. 780, and, under authority of that case, the evidence was sufficient upon which to submit this issue to the jury.

Assuming, without deciding, that plaintiff was not an innocent purchaser, still we think the court correctly directed a verdict in favor of plaintiff because the evidence offered on behalf of defendants was insufficient to establish a legal defense to plaintiff's cause of action.

Defendants, in their answer, alleged that the notes were executed for the purchase price of three radio sets which were sold under a written contract executed by them to the Brenard Manufacturing Company; that, at the time of the execution of the contract and notes, the agent of the company represented that the company would accept customers' notes, taken by defendants from persons who purchased merchandise from them, in payment of the notes executed by defendants; that the company would accept the customers' notes in full payment of those executed by defendants without requiring them to indorse the same. They further alleged that the company refused to accept these notes in payment, without defendants' indorsement thereon; that by reason thereof they were relieved from performance of the contract and the payment of the notes.

Over the objection of plaintiff, defendants were permitted to introduce evidence to prove the allegations of their answer. It is the contention of plaintiff that the evidence admitted tended to contradict and vary the terms of a written contract, and that the same was therefore inadmissible. The contract on this question provides as follows:

"* * * Where I desire you agree to accept my customers' notes or installment paper where properly indorsed to you and to apply 30 per cent. of each payment against such reorder and the remaining 40 per cent. of each cash payment to be mailed to me. * * * No verbal or other agreement not appearing herein shall be binding upon you."

Defendants admit that their attention was called to the clause of the contract in reference to the indorsement, and knew that the representations made by the agent tended to contradict and vary the same. The contract provides that the company would accept customers' notes to be applied on defendants' notes provided the same were properly indorsed. The representation alleged to have been made by the company's agent tends to contradict and vary the plain terms of the written contract, and was therefore inadmissible.

In the case of Wichita Flour Mills Co. v. Guymon Equity Exchange, 150 Okla. 245, 1 P. (2d) 657, this court said:

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact in its procurement, and any representation made prior to or contemporaneous with the execution of the written contract is inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract."

See, also, Smith v. Dunbar Co., 125 Okla. 215, 257 P. 282; Colt Co. v. Florence, 128 Okla. 14, 261 P. 142; Hollister v. Nat. Cash Reg. Co., 55 Okla. 214, 154 P. 1157.

Under these authorities, there was no legal defense offered to plaintiff's cause of action. The judgment is affirmed.

RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., not participating. CLARK, V. C. J., absent.