### STEVENS v. DEWEY.

No. 21467. Opinion Filed Feb. 21, 1933.

C. L. McArthur, for plaintiff in error.

Paul D. Sullivan, for defendant in error.

ANDREWS, J. The plaintiffff in error brought an action in the district court of Stephens county, Okla., to recover a money judgment against the defendant in error in the sum of $685, with interest and attorney fees, on six promissory notes. The jury returned a verdict in favor of the defendant and the judgment of the trial court was in conformity therewith. The plaintiff appealed to this court.

The right of the plaintiff to recover, if any, is dependent upon whether or not he was an innocent purchaser of the notes which had been indorsed by the payee and delivered to him. He contends that he purchased them on the 17th day of February, 1927.

The defendant defended the action by denying that the plaintiff was an innocent purchaser of the notes, by alleging fraud in the inducement of the execution of the notes, a breach of express verbal warranty and a breach of implied warranty of fitness, and by alleging that the payee of the notes and the plaintiff conspired together to defraud the defendant.

The rule as stated in Maze v. Austin, 135 Okla. 71, 273 P. 994, is:

"The test as to whether certain facts constitute notice of an infirmity in a negotiable instrument purchased or defect in the title of the person negotiating it so as to prevent the purchaser from becoming a holder in due course is, Did the purchaser have actual knowledge of the infirmity or defect or knowledge of such facts at the time of taking it that his action in so doing amounted to bad faith?"

The same rule is stated in Hobart M. Cable Co. v. Bruce, 135 Okla. 170, 274 P. 665. If this plaintiff had actual knowledge of any infirmity or defect or knowledge of such facts at the time he took these notes, so that his action in so doing amounted to bad faith, under that rule he is not entitled to recover herein. In Stevens v. Wey, 139 Okla. 210, 281 P. 780, this court held:

"Where one sues on promissory notes claiming to be a holder in due course, and an issue is made as to whether plaintiff bought the notes outright in good faith for value, any competent evidence reasonably tending to show that plaintiff was acting for the payee and was not a bona fide purchaser for value is sufficient to require the submission of the question to the jury, and a finding thereon is conclusive on this court on appeal."

Under that rule, if there was any competent evidence reasonably tending to show that the plaintiff was acting for the payee and not as a bona fide purchaser for value, the trial court committed no error in submitting the cause to the jury.

An examination of the record discloses that there was such evidence. We deem it necessary to cite only one instance thereof. It appears from the evidence that after the time at which the plaintiff claimed to purchase the notes, one of the notes was sent for collection by the payee to a bank. The plaintiff in error in this case was the plaintiff in error in Stevens v. Wey, supra. In view of the similarity of the facts in the two cases, we do not think it necessary to discuss the facts further.

There was some objection raised as to the instructions. It is contended that they should not have been given in the absence of evidence of bad faith on the part of the plaintiff. We think that, under the evidence, the instructions were proper.

The judgment of the trial court is in all things affirmed.

RILEY, C. J., and SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and McNEILL, J., absent.