## MUDGE OIL CO. v. SWANSON.

No. 25518.    Feb. 4, 1936.

Sandlin & Winans, for plaintiff in error.

Paul D. Sullivan, for defendant in error.

PER CURIAM. This action was instituted by W. L. Swanson, plaintiff in the lower court, for damages alleged to be due and owing to him from the Mudge Oil Company, a corporation, defendant in the lower court, arising from the escape of waste oil and salt water from a lease operated by the defendant onto the adjoining property of the plaintiff, resulting in the ruining of a pond and the destruction of his stock water, and additional damage to his grass and timber. The defendant's answer consisted of a general denial, and the case proceeded to trial upon the issues presented. Trial was had before a jury and the same resulted

In a verdict in favor of the plaintiff for $350, upon which judgment was duly rendered by the court. Motion for new trial was filed within due time by the defendant and the same overruled. The present appeal is from said judgment. The parties are referred to herein as they appeared in the lower court.

The defendant in its brief sets out numerous assignments of error, which may all be consolidated under one general proposition, that the verdict and judgment is not sustained by sufficient evidence and is contrary to law.

The issues were presented to the jury under proper instructions by the court, and while a careful reading of the evidence reveals some sharp points of conflict in the testimony of the witnesses introduced by the respective parties, there appears ample evidence to sustain the verdict rendered by the jury.

"In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial error of law is shown in the instruction of the court, the verdict and finding of the jury will not be disturbed on appeal." Neary v. Etenburn, 87 Okla. 259, 209 P. 649.

And in such instances, the verdict and finding of the jury is conclusive. Westchester Fire Ins. Co. v. McDonald, 123 Okla. 289, 253 P. 287.

Furthermore, a judgment supported by the testimony of one or more witnesses will be sustained, notwithstanding several other witnesses may testify to the contrary on a material point, it not being the province of this court to weigh evidence against conflicting evidence. McAlester-Edwards Coal Co. v. Stephenson, Adm'x. 126 Okla. 219, 260 P. 78.

The above statements are supported by a long line of decisions by this court. See Muskogee Electric Traction Co. v. Cooper, 79 Okla. 271, 193 P. 39; Patterson v. Roxana Petroleum Co., 109 Okla. 89, 234 P. 713; Illinois Oil Co. v. Pender, 137 Okla. 82, 277 P. 1026; Allen v. Oklahoma State Bank of Enid, 133 Okla. 14, 270 P. 838; Stevens v. Dewey, 162 Okla. 112, 19 P. (2d) 371.

Finding no substantial error in the record of this case, the judgment of the lower court will be affirmed.

Plaintiff has requested that judgment be rendered herein against the Maryland Casualty Company, surety on the supersedeas bond filed by the defendant, and, in accordance with such prayer, judgment is hereby rendered against said surety in the sum of $350, together with interest thereon at the rate of 6 per cent. per annum from October 31, 1933, until paid, and for the costs of this action.

The Supreme Court acknowledges the aid of Attorneys H. F. Rambo, E. L. Jones, and J. S. Severson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Rambo and approved by Mr. Jones and Mr. Severson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.