**Samuel S. SALITAN and David Little, Co-Partners, Plaintiffs in Error,**

**v.**

**Ray DIVELBISS, Defendant in Error.**

**No. 36684.**

Supreme Court of Oklahoma.

June 28, 1955.

Rehearing Denied July 26, 1955.

Roy W. Cox, Charles C. Buhrman, Blackwell, for plaintiffs in error.

Ellis W. Eddy, Drennan & Eddy, Medford, for defendant in error.

JOHNSON, Chief Justice.

The plaintiffs in error brought an action to recover a money judgment against the defendant in error on three trade acceptances. The jury returned a verdict in favor of the defendant and the judgment of the

trial court was in accord with the verdict. The plaintiffs have appealed.

The instruments in this suit are three original trade acceptances, payable to the order of Sterling Materials Company, Inc., all of which are dated May 18, 1951, at Medford, Oklahoma, and addressed to Ray Divelbiss and due respectively September 1, 1951, October 1, 1951, and November 1, 1951. The first two are in the sum of $307 each and the third is for $308.30. All were accepted at Medford, Oklahoma, on May 25, 1951, and made payable at the Grant City Bank, Medford, Oklahoma and allegedly purchased from the Sterling Materials Company, Inc. May 29, 1951, by Samuel S. Salitan and David Little, Co-partners, d/b/a Credit Industrial Company, by reason of which Credit Industrial Company allegedly became "holder in due course" of said instruments.

■ The instruments are in the form of "Trade Acceptances". A trade acceptance is a draft or bill of exchange drawn by the seller on the purchaser of goods sold, and accepted by such purchaser, Atterbury v. Bank of Washington Heights (N.Y.) 149 N.E. 841, and governed generally by the rules of law applicable to negotiable instruments.

The right to recover, if any, is dependent upon whether Credit Industrial Company was an innocent purchaser for value, without notice of any defect (or holder in due course) of the trade acceptances which had been endorsed by the payee and delivered to it. Credit Industrial Company contends that it so purchased the instruments.

■ The defendant defended the action by denying that plaintiffs were innocent purchasers of the instruments by alleging failure of consideration, fraud in the inducement of the execution of the instruments, breach of express verbal warranty, and a breach of implied warranty of fitness of goods purchased and that the payee of the instruments is the real party in interest and that plaintiffs have substituted themselves as plaintiffs without right.

The undisputed facts developed in the case from defendant's evidence are substantially that Sterling Materials Company, through its representatives, made arrangements with defendant, Divelbiss, for the sale of a roofing compound manufactured by Sterling Materials Company by the trade name of "Asbestolene". As part of this arrangement the defendant was promised an exclusive countywide dealership for the product, a progressive advertising campaign to be conducted by Sterling Materials Company, and a sales force from Sterling Materials Company to sell the product in the county.

Subsequently, the "Asbestolene", when applied to a roof by a customer, proved worthless and the defendant refunded the amount of the sale and tendered the remainder of the roofing materials on hand as the company's dealer back to Sterling Materials Company. Other dealerships were granted by Sterling Materials Company within the county, without the knowledge or consent of defendant; the advertising campaign promised defendant was never conducted; and the sales force of the company made but one appearance in the county in an effort to sell the product.

The plaintiffs' action was based upon the trade acceptances, which were payable to order of Sterling Materials Company, Inc. The trade acceptances were attached to plaintiffs' petition as Exhibits A–1, A–2 and A–3 as required by 12 O.S.1951 § 296 and made a part thereof. None of the exhibited trade acceptances bore an endorsement from the payee, Sterling Materials Company, to the plaintiffs, such as would constitute them holders in due course, contrary to the allegations of plaintiffs' petition that plaintiffs were the holders in due course of said trade acceptances; consequently, the terms and provisions of the exhibits should govern. See Crockett v. Root, 194 Okl. 3, 146 P.2d 555, and cited cases. However, (over defendant's objections) upon the trial of the case, the trade acceptances were admitted as evidence upon oral proof that the plaintiff had, before maturity, acquired the trade acceptances from the payee giving a check therefor, which (check was not introduced in evidence) was purportedly duly paid in its regular course of business of purchasing commercial paper at discount.

In this connection plaintiffs claim, in addition to their claim of being holders in due course of the trade acceptances, that reversible error was committed in admitting, over their objections, as evidence, a letter received by defendant from Sterling Materials Company after payment of the trade acceptances was refused which letter (dated March 3, 1952) attempted to collect upon the instruments now sued upon or in the alternative to execute renewal trade acceptances, allowing extension of time for payment thereof, and in refusing to grant a new trial on the grounds that the verdict and judgment was not sustained by the evidence, and was contrary to law.

The principal complaint made by defendant in the case at bar is that plaintiffs did not acquire the trade acceptances in good faith and for value as provided for under Section 122, Title 48 O.S.1951, and were therefore not "holder[s] in due course". And, not being holders in due course, the trade acceptances were subject to the same defenses as if they were non-negotiable. 48 O.S.1951 § 126; Stevens v. Wey, 139 Okl. 210, 281 P. 780.

The facts hereinbefore narrated tend to prove that plaintiffs did not purchase the trade acceptances outright and in good faith, but were merely carrying out an understanding had with payee company to assist in collecting the trade acceptances. There are facts and circumstances in evidence, which indicate that payee is the real party in interest instead of plaintiffs. The evidence and permissible inferences tended to establish defendant's contention that plaintiffs were not holders in due course of the trade acceptances and did not buy the trade acceptances in good faith nor pay value therefor so as to constitute them holders in due course, all of which raised issues of fact to be determined by the jury under proper instructions. The jury having determined the questions in favor of defendant, and being sustained by competent evidence, the jury's findings on the issues are binding on this Court on appeal. Stevens v. Wey, supra.

Finding no substantial errors in the record, and holding that the judgment is sustained by the evidence and not contrary to law, the judgment is affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, BLACKBIRD and JACKSON, JJ., concur.